RENZO MAGGINI *et al.*, Plaintiffs-Appellants, v. OSF HEALTHCARE SYSTEM, Defendant-Appellee.

Second District   No. 2—93—0022

Opinion filed January 31, 1994.

Suzanne J. Massel, of Becker, Baizer & Rapoport, of Highland Park (James F. Martin, of counsel), for appellants.

John A. Sandberg and J. Edward Prochaska, both of Hinshaw & Culbertson, of Rockford, and D. Kendall Griffith, of Hinshaw & Culbertson, of Chicago (Stephen R. Swofford, of counsel), for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Plaintiffs, Renzo and Lourdes (Renzo's wife) Maggino, appeal from an order of the circuit court of Winnebago County granting summary judgment to the defendant, OSF Healthcare System (OSF). Plaintiffs raise the following issues: whether the trial court erred in ruling on defendants' motions for summary judgment prior to ruling

on plaintiffs' motion to voluntarily dismiss their lawsuit; and whether the trial court erred in granting OSF's motion for summary judgment.

On May 14, 1991, plaintiffs filed a second amended 22-count complaint against OSF, owner and operator of St. Francis Hospital, Dr. T.K. Nigam and Dr. Ronald F. Yake based upon treatment Renzo received at St. Francis following an automobile accident. In the complaint, plaintiffs charged the doctors with specific acts of negligence and made allegations against them based upon *res ipsa loquitur.* Other counts were based on plaintiff Lourdes Maggini's loss of consortium. The counts directed against OSF were based on an apparent agency theory and *res ipsa loquitur.*

On July 2, 1992, OSF moved for summary judgment on the apparent agency counts and the related loss of consortium counts. On July 24, 1992, and August 27, 1992, Dr. Yake and Dr. Nigam, respectively, moved for summary judgment on the *res ipsa loquitur* counts and the associated loss of consortium counts against them. Summary judgment was not sought on the negligence counts against the doctors. Although originally scheduled for hearing on September 17, 1992, the hearing was continued on the court's own motion. On October 15, 1992, plaintiffs filed a motion to voluntarily dismiss the lawsuit.

On November 17, 1992, a hearing was held on the pending motions. On November 22, 1992, the trial court entered an order dismissing the apparent agency counts and loss of consortium counts against OSF but denied summary judgment as to the *res ipsa loquitur* counts against it. The trial court also denied the doctors' motions for summary judgment. Finally, the trial court granted plaintiffs' motion for voluntary dismissal on the remaining counts of the complaint. This appeal followed.

■ It is necessary to comment on the question of this court's jurisdiction. OSF filed a motion to dismiss for lack of jurisdiction in this case which we denied prior to oral argument. The question of jurisdiction in this case is somewhat intriguing because plaintiffs are actually appealing an order which granted the relief they sought, namely, the voluntary dismissal of their suit. Ordinarily, an order of voluntary dismissal cannot be appealed by the plaintiff, since he or she requested the order and thus is protected from prejudice by the statute of limitations which gives the plaintiff the absolute right to refile the action within one year of a voluntary dismissal without prejudice. (*Edward E. Gillen Co. v. City of Lake Forest* (1991), 221 Ill. App. 3d 5, 9.) In *Gillen,* the trial court granted Lake Forest's motion for judgment on the pleadings as to certain damage counts and stated

the order was final and appealable under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). The trial court then modified its order, limiting the dismissal to only some of the damage counts, and removed the Rule 304(a) language from the order granting judgment on the pleadings. Gillen then moved to voluntarily dismiss the remaining causes of action against Lake Forest.

In determining that this court had jurisdiction to consider Gillen's appeal, we noted that Gillen was not attempting to appeal the order for voluntary dismissal but rather the granting of Lake Forest's motion for judgment on the pleadings. We further noted that since the trial court had stricken the Rule 304(a) language from its order, Gillen could not otherwise appeal the granting of the judgment on the pleadings without first dismissing its case.

Unlike in *Gillen*, however, plaintiffs here are appealing the granting of their motion for voluntary dismissal in the sense that they contend that the trial court erred in ruling on the motions for summary judgment prior to ruling on their motion for voluntary dismissal. On the other hand, as we pointed out in *Gillen*, in the absence of a Rule 304(a) finding, it was necessary for plaintiffs to voluntarily dismiss their suit in order to appeal the granting of OSF's motion for summary judgment. Since the gist of plaintiffs' argument is that the motion for summary judgment was wrongly decided, we have jurisdiction to consider plaintiffs' appeal.

Plaintiffs contend, first, that the trial court erred by proceeding on the motions for summary judgment prior to ruling on their motion to voluntarily dismiss their lawsuit.

Section 2—1009 of the Civil Practice Law provides in pertinent part as follows:

> "The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause." 735 ILCS 5/2—1009 (West 1992).

■ In *Gibellina v. Handley* (1989), 127 Ill. 2d 122, in response to the abuse of the voluntary dismissal statute, our supreme court held that a trial court may hear and decide a motion which has been filed prior to a motion for voluntary dismissal when that motion, if favorably ruled on by the court, could result in a final disposition of the case. *Gibellina*, 127 Ill. 2d at 138.

■ We are of the opinion that the trial court erred in deciding OSF's motion for summary judgment prior to ruling on plaintiffs' motion for voluntary dismissal since a favorable ruling on OSF's motion would not have resulted in "a final disposition of the case" as

required by *Gibellina*. The granting of the motion for summary judgment in this case only resolved the apparent agency and related counts against OSF; the negligence counts against Drs. Yake and Nagim and the *res ipsa loquitur* counts against the doctors and OSF remained. OSF cites *Crawford v. Schaeffer* (1992), 226 Ill. App. 3d 129, and *Highland v. Stevenson* (1987), 153 Ill. App. 3d 390. In both cases, the defense motions filed would have been dispositive of the entire case, and thus the issue presented in this case was never addressed.

We conclude that the trial court erred in ruling on the motions for summary judgment prior to granting plaintiffs' motion for voluntary dismissal.

Having decided that the trial court erred in ruling on the motions for summary judgment prior to granting plaintiffs' motion for voluntary dismissal, we need not reach the second issue raised by plaintiffs, namely, that the trial court erred in granting summary judgment to OSF based upon this court's holding in *Gilbert v. Frank* (1992), 233 Ill. App. 3d 372 (hospital may not be held liable under an apparent agency theory for the negligence of its staff physicians). However, while this case was pending, our supreme court reversed a grant of summary judgment to the hospital and remanded *Gilbert* to the circuit court, holding that under the doctrine of apparent authority a hospital can be held vicariously liable for the negligent acts of a physician providing care at the hospital regardless of whether the physician is an independent contractor, unless the patient knows or should have known that the physician is an independent contractor. (*Gilbert v. Sycamore Municipal Hospital* (1993), 156 Ill. 2d 511, 524.) Therefore, in any event, the granting of summary judgment in this case was error.

The judgment of the circuit court of Winnebago County is reversed, and the cause is remanded.

Reversed and remanded.

INGLIS, P.J., and COLWELL, J., concur.