(No. 81860.—

MICHAEL DUBINA *et al.*, v. MESIROW REALTY DEVELOPMENT, INC., *et al.* (Mesirow Realty Development, Inc., *et al.*, Appellees; Litgen Concrete Cutting & Coring Company, Appellant).

*Opinion filed September 18, 1997.—Rehearing denied December 1, 1997.*

BILANDIC, J., took no part.

Kralovec & Marquard, Chrtd., of Chicago (Nancy J. Arnold, John C. Doyle, William E. Spizzirri and Daniel J. Donnelly, of counsel), for appellant.

Robert Marc Chemers, Edward B. Ruff III and Mark D. Roth, of Pretzel & Stouffer, Chrtd., of Chicago (Robert Marc Chemers and Scott L. Howie, of counsel), for appellees CCL of Chicago, Inc., *et al.*

Stephen A. Rehfeldt and James M. Roche, of Mulherin, Rehfeldt & Varchetto, P.C., of Wheaton, for appellee K&S Automatic Sprinklers, Inc.

Michael A. Pollard, of Chicago (Michael W. Rathsack, of counsel), for *amicus curiae* Illinois Appellate Lawyers Association.

JUSTICE NICKELS delivered the opinion of the court:

The issue presented in this appeal is whether defendant Litgen Concrete Cutting & Coring Company (Litgen) may appeal certain final orders entered in a suit that was voluntarily dismissed where the action was later refiled in the circuit court. The appellate court held that, because the suit was refiled by plaintiffs, it lost jurisdiction to entertain Litgen's appeal. 283 Ill.

App. 3d 36. This court allowed Litgen's petition for leave to appeal (155 Ill. 2d R. 315), and the Illinois Appellate Lawyers Association filed a brief as *amicus curiae* in support of Litgen. We reverse and remand to the appellate court for further proceedings consistent with this opinion.

## BACKGROUND

Plaintiffs brought numerous separate actions in the circuit court of Cook County. These separate suits were later consolidated by the circuit court. In these suits, plaintiffs sought to recover damages for fire losses incurred on April 15, 1989, when a Chicago building, housing multiple art galleries, was damaged by fire. Most plaintiffs were either artists or art gallery owners, and the property damage claims related generally to works of art damaged or destroyed by the fire. At the time of the fire, the building was under renovation.

Most complaints involved the same group of defendants. These defendants included: the owners and managers of the building, the general contractors retained to perform renovation work on the building, and the subcontractors involved in that renovation work. In general, each defendant was alleged to have been negligent in either causing the fire or contributing to the spread of the fire. Each defendant filed an answer in the circuit court denying liability. Most, if not all, defendants also filed third-party claims for contribution against the other defendants.

Before trial, plaintiffs collectively settled their suits with all defendants, except defendant Litgen. The multiple settlement agreements provided that plaintiffs would release their claims against all defendants, except Litgen.[1] They further provided that plaintiffs would assign their direct claims against Litgen to some of the

---

[1]One other defendant, Gelick Foran Associates, Inc., also did

settling defendants. Pursuant to the settlement agreements, plaintiffs assigned their claims against Litgen to Mesirow Realty Development and certain other settling defendants (the Mesirow parties). Based on this assignment, the Mesirow parties, not plaintiffs, are now the real parties in interest with respect to the claims against Litgen.

In separate orders, on June 14, 1994, July 19, 1994, and July 26, 1994, the circuit court found that the settlement agreements were made in good faith, as required by the Joint Tortfeasor Contribution Act. 740 ILCS 100/2 (West 1992). Based on these good-faith findings, the circuit court dismissed the contribution claims between Litgen and the settling defendants with prejudice. 740 ILCS 100/2 (West 1992). Plaintiffs' direct claims against Litgen remained pending in the circuit court. After the entry of the good-faith settlement orders, plaintiffs filed a motion to voluntarily dismiss their direct claims against Litgen, and these claims were dismissed without prejudice. The circuit court then dismissed the remaining claims pending in the circuit court.

After the voluntary dismissal, Litgen appealed to the appellate court. Litgen appealed the orders finding the settlements to have been made in good faith and dismissing its contribution claims. While the appeal was still pending, plaintiffs filed a new action against Litgen in the circuit court, as permitted by statute. See 735 ILCS 5/13—217 (West 1992).[2] Based on this refiling, the Mesirow parties filed a motion in the appellate court to

not settle with plaintiffs. The circuit court later granted summary judgment in favor of Gelick, and it is not involved in this appeal.

[2]The statute was amended in 1995. Prior to the amendment, the statute allowed a plaintiff to file a new action within one year of a voluntary dismissal or within the remaining period of limitation, whichever was greater. 735 ILCS 5/13—217 (West 1992).

dismiss Litgen's appeal for lack of subject matter jurisdiction.

The appellate court held that it lacked jurisdiction to consider Litgen's appeal. The court stated that, although it initially had jurisdiction over Litgen's appeal, it was divested of jurisdiction by the refiling. Because of the refiling, the dismissal and good-faith orders were transformed from final orders into nonfinal ones. The appellate court also found that, although the contribution claims were dismissed with prejudice, Litgen would not be barred by *res judicata* from filing its contribution claims in the second action. The court therefore found that Litgen would not be prejudiced by waiting for the conclusion of the second action before being allowed to appeal.

## ANALYSIS

Initially, we note that Litgen does not seek to appeal the order of voluntary dismissal itself. Instead, Litgen seeks to appeal the orders finding that the settlements were made in good faith and dismissing Litgen's contribution claims with prejudice.[3] Litgen argues that these were final orders because they disposed of Litgen's third-party claims. According to Litgen, once the case was

---

Pursuant to the amendment, a plaintiff may file a new action following a voluntary dismissal only within the remaining period of limitation. 735 ILCS 5/13—217 (West 1996). Thus, the amendment limits the circumstances under which a plaintiff can file a new action following a voluntary dismissal. The amendment, however, expressly applies only to actions that accrue after March 9, 1995, the effective date of the amendment. This action accrued before that date. Accordingly, as the parties acknowledge, the amendment does not apply to the instant case.

[3]The good-faith findings and the dismissal of contribution claims are inextricably linked. Once the circuit court entered orders finding the settlements to have been made in good faith, the contribution claims had to be dismissed by operation of law. See 740 ILCS 100/2 (West 1992).

voluntarily dismissed, these orders became appealable. Litgen further argues that plaintiffs' refiling of the action against Litgen did not alter this final and appealable status and that the appellate court therefore had jurisdiction to consider the merits of the appeal.

Resolution of this appeal requires consideration of Supreme Court Rules 301 and 304 (155 Ill. 2d Rs. 301, 304). Rule 301 allows appeals from final judgments as a matter of right. See also Ill. Const. 1970, art. VI, § 6. A judgment or order is "final" if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy. *Village of Niles v. Szczesny*, 13 Ill. 2d 45, 48 (1958); see *Waters v. Reingold*, 278 Ill. App. 3d 647, 651 (1996); *Citicorp Savings v. First Chicago Trust Co.*, 269 Ill. App. 3d 293, 296-97 (1995). A dismissal with prejudice is usually considered a final judgment, including the dismissal of claims in a complaint (*J. Eck & Son, Inc. v. Reuben H. Donnelley Corp.*, 188 Ill. App. 3d 1090 (1989)) or third-party action (*Geier v. Hamer Enterprises, Inc.*, 226 Ill. App. 3d 372, 379-81 (1992)).

The dismissal of a claim with prejudice, however, is not always immediately appealable. Supreme Court Rule 304(a) provides:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." 155 Ill. 2d R. 304(a).

Without a Rule 304(a) finding, a final order disposing of fewer than all of the claims in an action is not instantly

appealable. Such an order does not become appealable until all of the claims in the multiclaim litigation have been resolved. Once the entire action is terminated, all final orders become appealable under Rule 301. *Marsh v. Evangelical Covenant Church*, 138 Ill. 2d 458, 464 (1990); see *Ratkovich v. Hamilton*, 267 Ill. App. 3d 908, 912 (1994).

In the instant case, the circuit court entered good-faith findings and, accordingly, dismissed Litgen's contribution claims with prejudice. These dismissal orders were "final" orders because they terminated Litgen's third-party claims. The circuit court did not enter a Rule 304(a) finding. Because other claims were still pending at the time of the dismissal, these final orders were not immediately appealable.

Later, plaintiffs voluntarily dismissed the action, as permitted by statute. See 735 ILCS 5/2—1009 (West 1992). The voluntary dismissal terminated the action in its entirety. All pending claims were dismissed. The order of voluntary dismissal, because it disposed of all matters pending before the circuit court, rendered all orders which were final in nature, but which were not previously appealable, immediately final and appealable. It is well settled that final orders entered in a case become appealable following a voluntary dismissal. See *Maggini v. OSF Healthcare System*, 256 Ill. App. 3d 551, 552-53 (1994); *Rein v. David A. Noyes & Co.*, 230 Ill. App. 3d 12, 15 (1992); *Howard v. Druckemiller*, 238 Ill. App. 3d 937, 940-41 (1992); *Edward E. Gillen Co. v. City of Lake Forest*, 221 Ill. App. 3d 5, 9-10 (1991); *Reagan v. Baird*, 140 Ill. App. 3d 58, 62-63 (1985); *cf. Saddle Signs, Inc. v. Adrian*, 272 Ill. App. 3d 132 (1995) (denial of motion to dismiss was not a final order and could not be appealed after entry of voluntary dismissal).

Nevertheless, the appellate court held that it lacked jurisdiction to consider Litgen's appeal because, while

the appeal was pending, the action had been refiled in the circuit court. The appellate court relied heavily on *Kleiman v. Northwestern Memorial Hospital*, 253 Ill. App. 3d 47 (1993). In *Kleiman*, the plaintiffs were the ones who sought to appeal a final order after taking a voluntary dismissal. The *Kleiman* court stated that the plaintiffs' refiling of the action, while the appeal was pending, transformed final orders into nonfinal ones and that it therefore had no jurisdiction. The *Kleiman* court further stated that to hold otherwise would allow litigants to take piecemeal appeals and would hinder judicial economy.

We reject the reasoning of the appellate court in the instant case and in *Kleiman*. The definition of "final," for purposes of Rule 301, is well settled, and application of Rule 301 is relatively straightforward. We note that the refiled action is an entirely new and separate action, not a reinstatement of the old action. *Swisher v. Duffy*, 117 Ill. 2d 376, 379 (1987); *Kahle v. John Deere Co.*, 104 Ill. 2d 302, 306 (1984); see *Neuman v. Burstein*, 230 Ill. App. 3d 33, 36 (1992); *Lyon v. Hasbro Industries, Inc.*, 156 Ill. App. 3d 649, 656 (1987). Section 13—217 of the Code of Civil Procedure provides that following a voluntary dismissal, a plaintiff "may commence a *new* action." (Emphasis added.) 735 ILCS 5/13—217 (West 1992). The original and refiled actions are completely distinct actions. Because they are distinct actions, when the original action was terminated, the circuit court lost jurisdiction of the original action and all final orders became appealable under Rule 301. We decline to create a special exception to Rule 301 that plaintiffs' refiling of the action in the circuit court transforms final orders into nonfinal ones.

This court's recent decision in *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325 (1996), illustrates how final orders are treated where a case is later dismissed volun-

tarily. There were two sets of appeals in the *Rein* litigation. In the first round, the plaintiffs alleged that the defendants fraudulently misrepresented the nature of certain securities purchased by the plaintiffs. The complaint consisted of counts that sought rescission of the purchase and other counts seeking common law remedies. The circuit court ruled that the rescission counts were barred by the pertinent statute of limitations. The circuit court denied a request for a Rule 304(a) finding, which would have allowed an immediate appeal. The plaintiffs therefore took a voluntary dismissal of the remainder of the action but only appealed the dismissal of the rescission counts under Rule 301. Initially, on appeal, the appellate court determined that it had jurisdiction because the voluntary dismissal terminated all claims pending in the circuit court. *Rein v. David A. Noyes & Co.,* 230 Ill. App. 3d 12, 15 (1992). The appellate court then determined that the rescission counts were barred by the statute of limitations and affirmed the circuit court. *Rein,* 230 Ill. App. 3d at 15-18.

In the second round of litigation, the plaintiffs refiled their action in its entirety. In the complaint, the plaintiffs again raised the rescission counts and the common law counts. The circuit court dismissed both sets of counts based on *res judicata,* and the appellate court affirmed (*Rein v. David A. Noyes & Co.,* 271 Ill. App. 3d 768 (1995)). In affirming the appellate court, this court first stated the requirements for application of *res judicata*: (1) a final judgment on the merits in the first suit, (2) an identity of cause of action, and (3) an identity of parties or their privies. This court determined that the dismissal of the rescission counts, which was the subject of the first appeal, met these requirements. The rescission counts were therefore barred by *res judicata.* See *Rein,* 172 Ill. 2d at 334-36.

This court then determined that the common law

counts, which were not the subject of the first appeal, were also barred by *res judicata*. This court found that although the common law counts were not actually litigated in the first proceeding, they could have been because they arose out of the same operative facts as the rescission counts. *Res judicata* will not only bar any matter actually litigated in the first suit but will also bar any matter that might have been raised and determined in that suit. To avoid *res judicata*, after their rescission counts were dismissed, the plaintiffs should have proceeded to a decision on the merits on the common law counts and then appealed the determinations involving both the rescission and common law counts in one appeal. See *Rein*, 172 Ill. 2d at 336-43.

In *Rein*, this court treated the dismissals of the counts in the first action as final judgments for the purpose of *res judicata* in the second action. Final judgments entered in the first suit are not treated as a nullity—they have consequences. In *Rein*, final judgments followed by a voluntary dismissal were treated the same as final judgments entered in other actions. The filing of a new action did not make orders entered in the first suit any less "final," as that term is used in Rules 301 and 304. It makes no difference to the analysis in *Rein* whether the action is refiled while the appeal is pending in the appellate court or after the appellate court has issued a decision.

Because Rule 301 allows an appeal as of right, the appellate court may not decline to consider an appeal under Rule 301 when it believes that it would be more expedient for the appellant to take the appeal at a later time. Litgen has a right under Rule 301 to appeal now, whatever the reasons. Once the requisites of the rules were satisfied, the appellate court had jurisdiction. Litgen appealed in a timely manner and a controversy still existed between the parties.

We further note that the appellate court's decision would create uncertainty about appellate jurisdiction. If a plaintiff refiled an action at any point during the appeal of the original action, this refiling would destroy appellate jurisdiction. A plaintiff could therefore defeat jurisdiction by strategically choosing to refile the action at any point in the appellate process. This court will not permit such procedural maneuvering to involuntarily deprive Litgen of its right to appeal now, as permitted by Rule 301.

The appellate court also stated that the policy of Rule 304(a) is to discourage piecemeal appeals and that policy is violated by allowing Litgen to appeal now. We find this concern unpersuasive for three reasons. First, as noted, section 13—217 of the Code of Civil Procedure, which permits the refiling of an action after a voluntary dismissal, was recently amended and reduces the likelihood of piecemeal appeals. The amendment makes it more difficult for a plaintiff to file a new action after a voluntary dismissal. See 735 ILCS 5/13—217 (West 1996). Second, the situation involved in the instant case is unusual and unlikely to encourage piecemeal appeals. In most circumstances, the plaintiff would be the party seeking to appeal a final order after taking a voluntary dismissal. Here, in contrast, one of the defendants (not one of the plaintiffs) is seeking to appeal after plaintiffs took a voluntary dismissal. Plaintiffs themselves created this unusual situation by taking a voluntary dismissal that terminated all claims pending in the circuit court. Third and most significantly, the decision in *Rein* shows that a plaintiff seeking to split his claims and appeal in a piecemeal manner may be barred by *res judicata*. The doctrine of *res judicata* is the proper mechanism to discourage piecemeal appeals, rather than a conclusion that the act of refiling transforms final orders into non-final orders.

Finally, the Mesirow parties argue that Litgen has no need to appeal at this time because its third-party contribution claims are contingent upon liability in the underlying action. They argue that considerations of judicial economy militate against jurisdiction. Specifically, the Mesirow parties argue that the contribution claims may become moot if plaintiffs are unsuccessful in their direct action against Litgen. They argue that the issue is not ripe for appeal and that the appellate court would be required to give an advisory opinion on an abstract question of law.

The contingent nature of the appeal generally does not make the orders any less final and does not affect appellate jurisdiction under Rule 301. The question of finality of judgments under Rule 301 is a separate consideration from the contingent nature of the appeal. Ordinarily, the contingent nature of an appeal is a factor the circuit court considers in determining whether to allow a discretionary appeal under Rule 304. See *Geier v. Hamer Enterprises, Inc.*, 226 Ill. App. 3d 372, 379-80 (1992) (circuit court conducts two-step analysis of whether the judgment is final and whether certain discretionary factors, such as the contingent nature of a third-party claim for contribution, favor appealability under Rule 304); see also *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7, 64 L. Ed. 2d 1, 11, 100 S. Ct. 1460, 1464 (1980) (same approach under the federal counterpart to Rule 304). Neither the circuit court nor the appellate court has any such discretion under Rule 301. At this juncture, the appeal is not moot and an actual controversy exists. Litgen remains subject to liability in tort and the legal consequences of the settlement agreements.

## CONCLUSION

The orders finding the settlements to have been made in good faith and dismissing Litgen's contribution

claims with prejudice were final orders. Absent a Rule 304 finding, these final orders were not appealable until the entire action was terminated. These final orders became appealable under Rule 301 when the voluntary dismissal terminated the action. Accordingly, the appellate court has jurisdiction under Rule 301. We reverse the judgment of the appellate court and remand this cause to the appellate court for further proceedings consistent with this opinion.

*Appellate court judgment reversed;*
*cause remanded.*

JUSTICE BILANDIC took no part in the consideration or decision of this opinion.