ESTATE OF MARY COOPER, Deceased, by Janet Anderson, Special Adm'r, Plaintiff-Appellant, v. HUMANA HEALTH PLAN, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—02—0797

Opinion filed April 23, 2003.—Rehearing denied March 12, 2003.

Ronald S. Fishman, of Fishman & Fishman, Ltd., of Chicago, for appellant.

David E. Neumeister and April R. Walkup, both of Querrey & Harrow, Ltd., of Chicago, for appellees Humana Health Plan, Inc., and Robert Alter.

Cassiday, Schade & Gloor, of Chicago (John N. Seibel, Donald F. Ivansek, and Brian A. Schroeder, of counsel), for appellees West Suburban Medical Center and Roy Horras.

PRESIDING JUSTICE SOUTH delivered the opinion of the court: This appeal arises from a refiled wrongful death action by Janet Anderson, the special administrator of Mary Cooper's (decedent) estate. The original complaint, filed on July 17, 1997, was a wrongful death action against Humana Health Plans, Inc. (Humana), Dr. Robert Alter, West Suburban Hospital Medical Center (West Suburban) and Dr. Roy Horras. The complaint alleged that on February 28, 1995, Dr. Alter treated decedent at Humana and prescribed a drug called Coumadin, an anticoagulation blood thinner, and aspirin. Dr. Alter subsequently increased that dosage of Coumadin in June of 1995.

On July 21, 1995, decedent was taken to the emergency room at West Suburban and treated by Dr. Horras. She remained under the care of Dr. Horras until her death on July 24, 1995. The complaint alleged that decedent died due to Dr. Alter's and Dr. Horras's failure to diagnose excessive Coumadin. No complaints of negligence were alleged against any agents or apparent agents of West Suburban.

A second amended complaint was filed on January 20, 1999, essentially asserting the same causes of action contained in the initial complaint against the previously named defendants. Once again, no complaints of negligence were alleged against any of the agents or apparent agents of West Suburban.

All defendants subsequently filed various motions for summary judgment. In its response to defendants' motion for summary judgment, plaintiff alleged for the first time that Humana and West Suburban were vicariously liable for the acts of its agents, servants and employees. On September 7, 2000, plaintiff filed an emergency motion to file a third amended complaint adding the allegation of vicarious liability. That motion was denied. Defendants' motion for summary judgment was granted in part and denied in part. Partial summary judgment was entered in favor of defendants Dr. Alter and Humana on all allegations of negligence occurring on and after July 25, 1995, and partial summary judgment was entered in favor of defendant West Suburban as to all allegations of negligence by any hospital agent, servant or employee, other than Dr. Horras. The motions were otherwise denied, and the court struck the Rule 304(a) (155 Ill. 2d R. 304(a)) language.

On October 18, 2000, upon plaintiff's motion, the case was voluntarily dismissed and plaintiff was given leave to refile within one year.

On April 13, 2001, plaintiff refiled her complaint against West Suburban, Humana, Dr. Alter and Dr. Horras. In her refiled complaint, she alleged negligence on the part of the named defendants and the agents and employees acting on their behalf.

All defendants subsequently filed various motions to dismiss. West Suburban's and Dr. Horras's motions to dismiss argued that the circuit court's partial summary judgment order in the original suit constituted *res judicata* barring plaintiff's claim that West Suburban was liable for the negligent acts of its agents other than Dr. Horras; that *res judicata* barred plaintiff's claims that West Suburban was liable for Dr. Horras's alleged negligence because plaintiff chose to voluntarily dismiss those claims instead of litigating them in her original suit; and that the statute of repose barred plaintiff's claims that West Suburban and Dr. Horras were liable for the alleged negligence of agents other than Dr. Horras.

Humana's and Dr. Alter's motions to dismiss asserted that they were not liable for any of the conduct allegedly occurring on or after decedent's admittance to West Suburban; that the new allegations of negligence were barred by the applicable statute of limitations; and that any new allegations in the refiled complaint should be dismissed based upon the doctrine of res judicata.

The trial court granted the motions to dismiss in their entirety with prejudice.

Plaintiff has raised five issues for our review: (1) whether the order denying Dr. Horras's motion for summary judgment constituted a final judgment barring the refiled cause of action; (2) whether the order granting summary judgment in favor of West Suburban as to the allegations of negligence by any hospital agent, servant, or employee other than Dr. Horras constituted a final judgment barring the refiled cause of action; (3) whether the order granting partial summary judgment in favor of Humana and Dr. Alter on all of the claims of negligence allegedly occurring on and after decedent's July 21, 1995, admission to the hospital constituted a final order that barred the refiled cause of action; (4) whether the partial summary judgment and final judgment ended the litigation between the parties on the merits so that only execution of that order remained to be accomplished; and (5) whether the original complaint placed defendants on notice as to the subject matter of this medical malpractice case so that any "new" allegations in the refiled action related back to the original complaint.

The issues raised by plaintiff may be disposed of by applying the Illinois Supreme Court's rulings in *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 687 N.E.2d 871 (1997). In *Dubina*, various plaintiffs filed actions due to property damage arising from a fire. *Dubina*, 178 Ill. 2d at 499. These causes of action were later consolidated into one case. *Dubina*, 178 Ill. 2d at 499. Prior to trial, plaintiffs collectively settled their cases with all defendants, except defendant Litgen. Pursuant to the settlement agreement, plaintiffs released all of their claims against Litgen to Mesirow Realty Development. *Dubina*, 178 Ill. 2d at 499-500. The circuit court later found that the settlement agreements were made in good faith and that plaintiffs' direct claims against Litgen remained pending in the circuit court. *Dubina*, 178 Ill. 2d at 500.

Plaintiffs subsequently filed a motion to voluntarily dismiss their direct claims against Litgen. *Dubina*, 178 Ill. 2d at 500. After plaintiffs' voluntary dismissal was granted, Litgen appealed the orders approving the settlement agreement and dismissing its contribution claims. While Litgen's appeal was still pending, plaintiffs refiled their case

against Litgen in the circuit court. *Dubina*, 178 Ill. 2d at 500. Mesirow filed a motion to dismiss Litgen's appeal for lack of subject matter jurisdiction based upon plaintiffs' refiling of the case. *Dubina*, 178 Ill. 2d at 500-01.

The appellate court dismissed the appeal, stating that it lacked jurisdiction to hear Litgen's appeal because plaintiffs had refiled their case and that the dismissal and good-faith orders had been transformed from final orders into nonfinal orders. *Dubina*, 178 Ill. 2d at 501. The appellate court also reasoned that "although the contribution claims were dismissed with prejudice, Litgen would not be barred by *res judicata* from filing its contribution claims in the second action" and "Litgen would not be prejudiced by waiting for the conclusion of the second action before being allowed to appeal." *Dubina*, 178 Ill. 2d at 501.

The supreme court disagreed, holding that while a dismissal with prejudice is usually considered a final judgment, if the dismissal does not dispose of all of the rights and claims of the parties in the litigation, under Supreme Court Rule 304(a) it is not always immediately appealable. If the dismissal order disposes of fewer than all of the parties and claims, the action is not instantly appealable *unless* the court enters a Rule 304(a) finding that "there is no just reason for delaying either enforcement or appeal or both." 155 Ill. 2d R. 304(a); *Dubina*, 178 Ill. 2d at 502-03. The court stated that since the dismissal of Litgen's contribution claims was with prejudice but lacked Rule 304(a) language, it was final but not immediately appealable. *Dubina*, 178 Ill. 2d at 503.

However, when the court granted plaintiffs' voluntary dismissal, the action was terminated in its entirety and all pending claims were dismissed. *Dubina*, 178 Ill. 2d at 503. The supreme court concluded that "[t]he order of voluntary dismissal, because it disposed of all matters pending before the circuit court, rendered all orders which were final in nature, but which were not previously appealable, immediately final and appealable." *Dubina*, 178 Ill. 2d at 503.

Additionally, the supreme court rejected the appellate court's reasoning that the plaintiffs' refiled case somehow transformed final orders into nonfinal orders, thereby divesting the appellate court of jurisdiction over Litgen's appeal. *Dubina*, 178 Ill. 2d at 504. The court stated that "the refiled action is an entirely new and separate action." *Dubina*, 178 Ill. 2d at 504. As such, "when the original action was terminated, the circuit court lost original jurisdiction of the original action and all final orders became appealable under Rule 301." *Dubina*, 178 Ill. 2d at 504.

Finally, citing its own opinion in *Rein v. David A. Noyes & Co.*,

172 Ill. 2d 325, 665 N.E.2d 1199 (1996), the supreme court addressed the issue of final judgments and the effect of the doctrine of *res judicata* in refiled cases.

In *Rein*, there were two cases. In *Rein I*, the complaint alleged that the defendants fraudulently misrepresented the nature of certain securities purchased by the plaintiffs and contained counts for rescission and common law remedies. *Rein*, 172 Ill. 2d at 328. The circuit court ruled that the rescission counts were barred by the statute of limitation, and it refused to include Rule 304(a) language in its dismissal order. *Rein*, 172 Ill. 2d at 329-30. The plaintiff took a voluntary dismissal of the entire case and subsequently appealed the dismissal of the rescission counts only under Rule 301. The appellate court affirmed the circuit court's ruling that the rescission count was barred by the statute of limitations. *Rein*, 172 Ill. 2d at 330.

Plaintiff then refiled the entire case, raising the rescission counts and the common law counts. However, the circuit court dismissed both counts pursuant to the doctrine of *res judicata*, which the appellate court affirmed. *Rein*, 172 Ill. 2d at 331-32.

The supreme court affirmed the appellate court, holding that "the final judgment in *Rein I* bars subsequent actions involving the same claims or demands by the same parties or their privies." *Rein*, 172 Ill. 2d at 336.

As to the common law counts, plaintiffs' argument that there was no final adjudication on the merits of the voluntarily dismissed common law counts that could be barred by *res judicata* was rejected by the supreme court. *Rein*, 172 Ill. 2d at 337. The supreme court stated that "although there was not an adjudication on the merits of the common law counts of *Rein I*, \*\*\* *res judicata* will bar not only every matter that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit." *Rein*, 172 Ill. 2d at 337-38. Therefore, since the common law counts arose out of the same set of operative facts as the rescission counts, plaintiffs could have litigated and resolved those issues in *Rein I*. *Rein*, 172 Ill. 2d at 338.

We find the Illinois Supreme Court's reasoning and holdings in *Dubina* and *Rein* applicable to the issues in the case at bar.

First of all, while the trial court's order denying Dr. Horras's motion for summary judgment was final but not immediately appealable, it became final and appealable once plaintiff's motion for a voluntary dismissal was granted. However, as West Suburban correctly points out in its appellate brief, plaintiff never appealed from the court's partial summary judgment order. Therefore, when plaintiff refiled the case, the court correctly dismissed the case in its entirety based upon

the principle of *res judicata*. The facts in this case are analogous to the facts in *Rein*, wherein the court ruled that although the common law counts were never adjudicated on the merits, *res judicata* barred not only every matter that was actually determined in the first suit but also those matters that could have been raised and determined.

Secondly, we find that the aforementioned cases clearly address plaintiff's issues regarding the finality of the trial court's orders granting partial summary judgment in favor of West Suburban, Humana and Dr. Alter. To reiterate, the grant of partial summary judgment was an interlocutory order when it was entered but became final and immediately appealable once plaintiff's motion for a voluntary dismissal was granted. Therefore, the trial court's order in the first case was an adjudication on the merits, which constituted *res judicata* barring plaintiff's subsequently refiled case against the same parties involving the same causes of action.

There are three requirements for the application of *res judicata*: (1) a final judgment on the merits in the first suit; (2) an identity of the cause of action; and (3) an identity of the parties. *Dubina*, 178 Ill. 2d at 505. All three requirements have been met in this case.

Finally, plaintiff argues that defendants were placed on notice concerning the subject matter of the "new" allegations against them in the refiled action. However, plaintiff never appealed from the trial court's order granting partial summary judgment in favor of defendants. Therefore, the court's ruling in the original case became *res judicata* to the issues raised again in the refiled case. Furthermore, pursuant to *Rein*, the allegations that could have been raised and determined in the original suit are subject to the doctrine of *res judicata*. Consequently, since the allegations against the agents, servants and employees of Humana and West Suburban could have been raised in the original cause of action, they were barred in the refiled case.

Based upon the foregoing, the circuit court's ruling is affirmed.

Affirmed.

HOFFMAN and HALL, JJ., concur.