NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2019 IL App (4th) 180670-U

NO. 4-18-0670

FILED
December 31, 2019
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| E*TRADE BANK, *et al.*, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| RONALD M. HAWRELAK and | ) | No. 16CH432 |
| DORIS O. HAWRELAK, | ) | |
| Defendants-Appellants. | ) | Honorable |
| | ) | Ryan M. Cadagin, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Steigmann and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where the trial court entered an order dismissing defendants' counterclaims, but not the plaintiff's original claims, and where the order does not include an Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) finding, the dismissal, though granted with prejudice, was not an appealable final order.

¶ 2    This appeal arises from a foreclosure action brought by plaintiff, E*Trade Bank, against defendants, Ronald M. Hawrelak and Doris O. Hawrelak. The defendants *pro se* appeal from the trial court's order denying reconsideration of the court's order dismissing their numerous counterclaims. Defendants contend the trial court erred in dismissing their counterclaims for several reasons. Plaintiff asserts we lack jurisdiction over this appeal because defendants appealed from an order that neither adjudicated all claims at issue in the underlying case nor was made final and appealable pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). For the reasons

stated below, we dismiss this case for lack of jurisdiction.

¶ 3                                      I. BACKGROUND

¶ 4          On December 29, 2016, plaintiff filed a Complaint to Foreclose Mortgage against defendants, arising out of two mortgages on defendants' home executed by defendants and E-Loan, Inc. on May 27, 2005, and August 25, 2005. The mortgages were granted to secure two home equity lines of credit opened by defendants on the same dates the mortgages were executed. These mortgages were assigned to plaintiff on July 12, 2011.

¶ 5          On August 2, 2017, defendants filed an answer to plaintiff's complaint. Defendants' answer included affirmative defenses and multiple counterclaims. Defendants alleged certain failings of and violations by plaintiff, E-Loan, Inc., and the mortgage servicers in the execution and fulfillment of the mortgage and the underlying home equity line of credit documentation, as well as in the assignment of the mortgages to plaintiff. Defendants also asserted, as affirmative defenses, that E-Loan, Inc.'s and plaintiff's conduct violated the Consumer Fraud and Deceptive Practices Act (815 ILCS 505/1 *et seq.* (West 2016)) and the High Risk Home Loan Act (815 ILCS 137/1 *et seq.* (West 2016)), that plaintiff lacked standing to bring a foreclosure action, and that E-Loan's conduct constituted fraudulent inducement. Defendants asserted several counterclaims against plaintiff, alleging violations of the Truth in Lending Act (15 U.S.C. § 1601 *et seq.* (2012)), the Real Estate Settlement Procedures Act (12 U.S.C. § 2601, *et seq.* (2012)), the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2016)), the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.* (2012)), and the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.* (2012)). Defendants also alleged as counterclaims breach of contract, negligent infliction of emotional distress, and willful and wanton conduct.

¶ 6 Plaintiff moved to dismiss the counterclaims pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 2016)). In its motion, plaintiff alleged that defendants' claims were not asserted against the proper party, time-barred, or failed to state a claim for relief as a matter of law.

¶ 7 On June 14, 2018, the trial court entered an "Opinion, Memorandum and Order" dismissing all of defendants' counterclaims with prejudice. The order did not state that it was immediately enforceable and appealable.

¶ 8 Defendants filed a motion for reconsideration on July 16, 2018. The trial court denied defendants' motion on September 20, 2018. The court's order did not state that it was immediately enforceable and appealable.

¶ 9 This appeal followed.

¶ 10 II. ANALYSIS

¶ 11 On appeal, defendants argue that, for several reasons, the trial court erred in dismissing their counterclaims. Before considering the merits of defendants' claims, we must determine whether we have jurisdiction. Defendants assert that jurisdiction exists under Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. July 1, 2017). Plaintiff contends that jurisdiction is lacking because the trial court's orders from which defendants appeal did not dispose of all the claims in the underlying action and the orders were not made immediately appealable under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016).

¶ 12 Rule 301 provides, in relevant part, "Every final judgment of a circuit court in a civil case is appealable as of right." Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Rule 303 sets forth the procedure for filing the notice of appeal from a final judgment. See Ill. S. Ct. R. 303 (eff. July 1,

2017).

¶ 13    A judgment is final if it "terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof." *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 23, 69 N.E.3d 834. A dismissal "with prejudice" is usually considered a final judgment. *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502, 687 N.E.2d 871, 874 (1997); see *Bauman v. Patterson*, 2018 IL App (4th) 170169, ¶ 31, 101 N.E.3d 795.

¶ 14    A dismissal with prejudice is not always immediately appealable. *Dubina*, 178 Ill. 2d at 502. Illinois Supreme Court Rule 304(a) requires:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

A "claim" under Rule 304(a) is "any right, liability or matter raised in an action." *In re Marriage of Gutman*, 232 Ill. 2d 145, 151, 902 N.E.2d 631, 634 (2008).

¶ 15    "Without a Rule 304(a) finding, a final order disposing of fewer than all of the claims in an action is not instantly appealable. Such an order does not become appealable until all

of the claims in the multiclaim litigation have been resolved." *Dubina*, 178 Ill. 2d at 502-03. Illinois Supreme Court Rule 304(b) (eff. Mar. 8, 2016) provides certain exceptions to Rule 304(a)'s requirement of a written finding of appealability, none of which apply in this case.

¶ 16    Here, the trial court's June 14, 2018, order dismissed all of defendants' counterclaims with prejudice and its September 20, 2018, order denied defendants' motion to reconsider the earlier dismissal order. However, neither order disposed of plaintiff's claims. Further, neither order contains any "express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). Because neither of the court's orders dismissed all of the claims in the underlying action, nor contained appealability findings under Rule 304(a), and because the orders do not fall under one of the exceptions enumerated in Rule 304(b), we do not have jurisdiction over this appeal.

¶ 17                              III. CONCLUSION

¶ 18    For the reasons stated, this appeal is dismissed for lack of jurisdiction.

¶ 19    Appeal dismissed.