2024 IL App (1st) 230023-U

No. 1-23-0023

Order filed August 2, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| BARRY D. GOLDBERG d/b/a GOLDBERG & GOLDBERG, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 18 L 3181 |
| | ) | Honorable |
| MARK GOODMAN and MARK GOODMAN & ASSOCIATES, and HARMS ROAD ASSOCIATES LIMITED PARTNERSHIP, | ) ) ) ) | Patrick J. Sherlock, Judge, Presiding. |
| Defendants. | ) ) | |
| _____ | ) ) | |
| HARMS ROAD ASSOCIATES LIMITED PARTNERSHIP, | ) ) ) | |
| Counter-Plaintiff-Appellant, | ) ) | |
| v. | ) ) | |
| BARRY D. GOLDBERG, d/b/a GOLDBERG & GOLDBERG, | ) ) ) | |
| Counter-Defendant/Appellee. | ) | |

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Justices Hyman and C.A.Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Appeal dismissed for lack of jurisdiction where nonfinal voluntary dismissal without prejudice was entered less than one year prior to the filing of the notice of appeal, and the appeal was not amended.

¶ 2    Counter-Plaintiff Harms Road Associates Limited Partnership (Harms Road) appeals from summary judgment granted by the circuit court in favor of Counter-Defendant, Barry G. Goldberg (Goldberg), on Harms Road's counterclaims for legal malpractice based on the statute of repose. On appeal, Harms Road contends that the circuit court erred in finding that the statute of repose barred its malpractice claims because: 1) its claims were filed within the statute of repose; 2) fundamental fairness/equitable estoppel were exceptions to the statute of repose; and 3) an expired statute of repose did not create a "vested right." For the following reasons, we dismiss the appeal for lack of jurisdiction.

¶ 3                                BACKGROUND

¶ 4    As this appeal concerns only a limited portion of the proceedings below, we will confine our recitation of the facts to those relevant for deciding this appeal.

¶ 5    Goldberg initially filed a breach of contract suit against Mark Goodman and Mark Goodman & Associates (collectively Goodman), and Harms Road on March 29, 2018. The complaint alleged that beginning on or about February 2003 and as late as July 18, 2011, the parties had written agreements engaging Goldberg for various legal services and agreed that he would advance litigation expenses, and that defendants would promptly pay Goldberg for those expenses.

¶ 6 Defendants engaged Goldberg as substitute counsel to represent them in pending underlying litigation regarding breach of a lease agreement against Potash Corporation (Potash). Beginning June 22, 2004, Goldberg filed multiple lawsuits on Harms Road's behalf in both state and federal courts. During the pendency of the litigation, Goldberg, through one of his associates, withdrew a motion for the voluntary dismissal of the litigation on November 9, 2007. Subsequently, summary judgment was granted against Harms and in favor of Potash in the underlying litigation in October 2008.

¶ 7 On February 20, 2012, Goldberg filed his last complaint on Harms Road's behalf in the underlying litigation seeking to collect damages for alleged breach of lease from Potash based on its failure to pay Harms Road a lease cancellation fee. Potash moved to dismiss the case with a section 2-619 (735 ILCS 5/2-619 (West 2012)) motion based on *res judicata* and statute of limitations. The circuit court agreed, finding that Potash breached the lease in April 2001, that the 10-year statute of limitations for breach of contract expired in April 2011, and that Harms Road's 2012 lawsuit was barred by the statute of limitations. The circuit court granted Potash's motion to dismiss with prejudice and that judgment was affirmed by this court on appeal. *Chicago Title v. Potash*, 2013 IL App (1st) 123550-U, ¶ 4.

¶ 8 On July 28, 2017, Goldberg sent a collection letter to defendants seeking recovery of his expenses in the underlying litigation, and filed his breach of contract suit on March 29, 2018. On May 29, 2018, Harms Road filed its initial answer and counterclaims for legal malpractice; several amendments occurred during the course of the litigation. Harms Road's fourth amended counterclaim was based on claims that Goldberg was negligent in: 1) failing to allege a breach of contract with respect to the cancellation fee prior to expiration of the statute of limitations; 2)

failing to name Harms Road as a plaintiff in its capacity as a purchaser of the right to litigate claims under the lease; and 3) failing to take a voluntary nonsuit dismissal in the underlying case so that it could be refiled with Harms Road named as purchaser of the right to sue under the lease. Harms Road also alleged that Goldberg was vicariously liable for co-counsel's negligence.

¶ 9　On March 31, 2021, Goldberg sought summary judgment on Harms Road's counterclaims on two bases. First, Goldberg argued that because a legal malpractice plaintiff was required to prove a case-within-a-case, Harms Road could not have prevailed in the underlying action because it could never establish that it had standing to sue. Goldberg noted that Harms Road was dissolved in 2004 and was never reinstated. Second, Goldberg argued that all of Harms Road's claims against him were barred by the six-year statute of repose.

¶ 10　The circuit court granted Goldberg's summary judgment motion on June 16, 2021, in a written order, finding that, "despite the long history and myriad of courts," the facts in the case were straightforward. The court found that it was undisputed that the failure to file a complaint that included the cancellation fee as a claim, along with proceeding with the improper plaintiff, were actions that took place by prior counsel, who filed the initial complaint on March 1, 2001, and Goldberg was retained on February 5, 2003. The court noted that Harms Road alleged that Goldberg committed malpractice by failing to add the claim for the cancellation fee and failure to correct the named plaintiff when the complaint was amended on February 26, 2004, but that standing issues plagued the claims from the beginning and Harms Road lacked standing at every stage of the litigation. The circuit court also noted that Potash asserted lack of standing as an affirmative defense as far back as June 22, 2004, thus there was no surprise or concealment of that defense, and the final adverse judgment declaring the lack of standing was in October 2008. All of

the subsequent cases, each trying to revive deficient claims, were each dismissed on *res judicata* and statute of limitations grounds, with the "most generous operative date relating to the standing issue" remaining October 2008. The court found that while Harms Road additionally attempted to advance its case by arguing that the withdrawal of the voluntary dismissal by Goldberg, through his associate, amounted to malpractice, regardless of whether the voluntary nonsuit would have allowed for an amendment of the complaint to name the proper parties, a highly unlikely theory due to the claim-splitting doctrine, the operative date of that alleged negligence/malpractice was November 9, 2007. The court noted that Harms Road did not file its counterclaims until May 2018, long after the time to file malpractice claims and the statute of repose had expired. The circuit court concluded that all of Harms Road's claims were untimely.

¶ 11    The circuit court further found that Harms Road's argument of fundamental fairness/equitable estoppel was untenable because whether Goldberg delayed filing his complaint for expenses to avoid malpractice was inconsequential; the malpractice claims were not contingent on Goldberg's claims for reimbursement. The court also noted that Harms Road failed to allege or prove any concealment by Goldberg as it was on notice long before the time lapsed and failed to file its claims. The court also found that section 13-207 of the Code (735 ILCS 5/13-207 (West 2020)) did not apply to the case and granted Goldberg's summary judgment motion on Harms Road's counterclaims because they were barred by the statute of repose.

¶ 12    Harms Road did not file a postjudgment motion and Goldberg's breach of contract claim in the initial litigation remained pending. Harms Road filed a motion for an Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016)) finding and its motion to stay the case pending an interlocutory appeal, which was denied on August 2, 2021. The court then scheduled the case for a jury trial on

January 24, 2022. On January 13, 2022, the circuit court subsequently granted Goldberg's motion to voluntarily dismiss his contract claim without prejudice and reserved the right to refile his case within a year pursuant to section 2-1009 of the Code (735 ILCS 5/2-1009 (West 2020)).

¶ 13    Harms Road subsequently filed a postjudgment motion to modify or vacate on February 10, 2022, challenging the circuit court's grant of summary judgment in favor of Goldberg. Harms Road alleged that Goldberg used delay tactics and the statute of repose to insulate himself from malpractice liability. Harms Road argued that the circuit court applied an inapplicable case to grant Goldberg's summary judgment motion and incorrectly found that fundamental fairness should have been taken into consideration on summary judgment.

¶ 14    On February 25, 2022, Goldberg filed a motion to strike Harms Road's untimely postjudgment motion as it was filed more than 30 days after entry of the summary judgment motion, which was granted on June 16, 2021. Goldberg argued that while Harms Road could not file an immediate appeal of the summary judgment without a Rule 304(a) finding, pursuant to section 2-1203(a) of the Code (735 ILCS 5/2-1203(a) (West 2020)), postjudgment motions must be filed within 30 days after the entry of the challenged order or judgment. Goldberg contended that, because Harms Road's postjudgment motion was solely directed at the June 16, 2021, summary judgment, it was untimely.

¶ 15    The circuit court disagreed with Goldberg, finding that Harms Road's postjudgment motion was timely as the summary judgment was not final for purposes of section 2-1203 until entry of the last order. It denied Goldberg's motion to strike on April 27, 2022, and set a briefing schedule.

¶ 16 During the briefing schedule on the post-hearing motion, Section 13-214.3(b) of the Code of Civil Procedure (Code) (735 ILCS 5/13-2.14.3(b) (West 2022)) was amended.[1] The amendment provided that the section, while not retroactive, did not apply to claims intentionally filed to preclude defendant a reasonable opportunity to file a counterclaim within the original limitations period. *Id.* Harms Road advised the circuit court of the amendment. However, the circuit court denied Harms Road's motion for reconsideration on December 19, 2022, finding that its argument was based primarily on the retroactive application of section 23-214.3(b) which could not revive its claims and was thus barred. Harms Road filed its notice of appeal on January 5, 2023.

¶ 17                                 ANALYSIS

¶ 18 On appeal, Harms Road raises several issues concerning the applicability and application of the statute of repose to its legal malpractice counterclaims against Goldberg. Specifically, it contends that its counterclaims were filed within the statute of repose, that the doctrines of fundamental fairness/equitable estoppel are exceptions to the statute of repose, and that an expired statute of repose does not create a "vested right."

¶ 19 However, before we reach the merits of this appeal, we must consider and determine whether we have jurisdiction. Neither party disputes our jurisdiction, however, we have an independent duty to make sure we have jurisdiction and to dismiss the appeals if we lack jurisdiction. *Bauman v. Patterson*, 2018 IL App (4th) 170169, ¶ 26. The question is whether Goldberg's voluntary dismissal or nonsuit without prejudice on January 13, 2022, was a final, appealable order.

---

[1] Section 13-214.3(b) of the Code provides that the statute of limitations for filing a legal malpractice suit is two years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought. 735 ILCS 5/13-214.3(b) (West 2022)).

¶ 20    Generally, every final judgment of a circuit court in a civil case is appealable as of right. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). A judgment or order is "final" if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy. *Dubina v. Mesirow Realty Development*, 178 Ill. 2d 496, 502 (1997). Where multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. Ill. S. Ct. R. 304(a) (eff. eff. Mar. 8, 2016). Without a Rule 304(a) finding, a final order disposing of fewer than all of the claims in an action is not instantly appealable. *Dubina*, 178 Ill. 2d at 503. The order does not become appealable until all of the claims in the multiclaim litigation have been resolved. *Id.* Accordingly, all final orders become appealable under Rule 301 when the entire action is terminated. *Id.*

¶ 21    A dismissal order with prejudice is usually considered a final judgment as it indicated that the plaintiff will not be allowed to amend his complaint, thereby terminating the litigation. *Fabilan v. BGC Holdings, LP*, 2014 IL App (1st) 141576, ¶ 12. However, dismissals that are entered without prejudice are not final and appealable orders. *City of Naperville v. Illinois Fraternal Order of Police, Labor Council, F.O.P. Lodge No. 42*, 2013 IL App (2d) 121071, ¶ 13. By granting a voluntary dismissal without prejudice, a circuit court does not determine the litigation on the merits. *Bauman,* 2018 IL App (4th) 170169, ¶ 33. If statutory law allowed the plaintiff to refile the case within one year after voluntarily dismissing it pursuant to section 2-1009 of the Code (735 ILCS 5/2-1009 (West 2020)), then, necessarily, the voluntary dismissal left the issues in the underlying complaint unresolved and the merits of that action undetermined. See *Bauman,* 2018 IL App (4th) 170169, ¶ 33. Voluntary dismissals under section 2-1009 of the Code (735 ILCS 5/2-

1009 (West 2020)) are therefore nonfinal and are nonfinal until the right to refile expires. *Gassman v. Clerk of the Circuit Court of Cook County*, 2019 IL App (1st) 171543, ¶ 20. See also *Taylor, Bean & Whitaker Mortgage Corporation v. Concroft*, 2018 IL App (1st) 170969, ¶ 51 (a dismissal without prejudice signals that there was no final decision on the merits and that the plaintiff is not barred from refiling the action).

¶ 22    In this case, the circuit court granted Goldberg's summary judgment motion on June 16, 2021, with respect to Harms Road's counterclaims for legal malpractice. However, it was not an appealable order without a Rule 304(a) (eff. Mar. 8, 2016) finding as Goldberg's initial breach of contract action was still pending between the parties. As noted above, on January 13, 2022, the circuit court entered an order granting Goldberg's voluntary dismissal of the underlying claim without prejudice and leave to refile within a year pursuant to section 2-1009 (735 ILCS 5/2-1009 (West 2020)).  It was after entry of this order that Harms Road filed its motion to reconsider the summary judgment on February 10, 2022, and the notice of appeal was filed after disposition of that motion on January 5, 2023, which Harms Road considered to be a final order. We disagree as Goldberg had until January 13, 2023, to refile his breach of contract case before the voluntary dismissal became final. It necessarily follows then that the voluntary dismissal without prejudice was not a final and appealable order. It is of no consequence that Harms Road filed a postjudgment motion to reconsider the summary judgment on February 10, 2022, and that proceedings on that motion lasted throughout the remainder of the year until the circuit court denied that motion  and Harms Road filed its notice of appeal on January 5, 2023. Procedurally, the notice of appeal was premature, as the voluntary dismissal would not have been a final order until January 13, 2023.

¶ 23 Because Harms Road's notice of appeal was premature and Harms Road did not file a new or amended notice of appeal after January 13, 2023, we find that we lack jurisdiction to decide this appeal. We therefore dismiss the appeal.

¶ 24                                    CONCLUSION

¶ 25 For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

¶ 26 Appeal dismissed.