JAMES QUINTAS *et al.*, Plaintiffs-Appellants, v. ASSET MANAGEMENT GROUP, INC., *et al.*, Defendants-Appellees.

First District (4th Division)    No. 1—08—1950

Opinion filed September 30, 2009.—Rehearing denied November 10, 2009.

Michael W. Rathsack, of Chicago (Michael W. Rathsack, Thomas J. Shannon, James X. Bormes, David E. Dunham, and Steven D. Urban, of counsel), for appellants.

Wheeler Trigg Kennedy LLP, of Denver, Colorado (Hugh Q. Gottschalk, of counsel), and Childress Duffy Goldblatt, Ltd., of Chicago (Christopher N. Mammel, of counsel), for appellees.

JUSTICE GALLAGHER delivered the opinion of the court:

Plaintiffs-appellants James and Maria Quintas filed a complaint against defendants-appellees Asset Management Group, Inc., AMG

Guaranty Trust, and Linda Weinrib (collectively defendants). The complaint contained three counts: negligence, breach of fiduciary duty, and violation of the Consumer Fraud and Deceptive Business Practices Act (the Act) (815 ILCS 505/1 *et seq.* (West 2006)). The trial court granted summary judgment for defendants on the fiduciary duty and Act counts but denied summary judgment on the negligence count. Subsequently, the plaintiffs filed for voluntary dismissal pursuant to section 2—1009 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1009 (West 2004)). Defendants then moved for costs pursuant to section 2—1009 of the Code and for costs and expenses pursuant to Supreme Court Rule 219(e) (210 Ill. 2d R. 219(e)). Based on plaintiffs' representation that the claim would be refiled, the trial court continued the hearing on the motion for 60 days. Plaintiffs refiled the action, alleging only negligence. The trial court awarded defendants expenses under Rule 219(e). Defendants then moved for summary judgment on the grounds that the refiled action was barred by *res judicata*. The trial court granted the motion and plaintiffs appeal, contending that the trial court erred in granting summary judgment because the trial court in the original action granted plaintiffs leave to refile and defendants acquiesced in the refiling. For the following reasons, we reverse.

## BACKGROUND

Prior to May 2000, Jim Quintas was employed by Lucent Technologies. Jim and Maria Quintas retained AMG and its financial planner, Linda Weinrib, through Lucent to provide financial counseling prior to Jim's retirement. They met with Weinrib in January and February, 2000, at which time they had 80% of their assets invested in Lucent stock and vested Lucent options as well as unvested Lucent options. The Lucent stock and vested Lucent options had a value of over two million dollars at the time of their meeting with Weinrib. They informed Weinrib that Jim planned to retire on May 1, 2000. Allegedly following Weinrib's recommendation, they kept half of their net worth in Lucent options after Jim retired. Lucent stock subsequently lost 80% of its value.

On September 9, 2002, James and Maria Quintas filed suit against AMG Guaranty Trust, Asset Management Group, and Weinrib, alleging that the standard of care for financial planners requires that retiring investors be invested in a diversified portfolio (*Quintas I*). The complaint contained three counts: negligence, breach of fiduciary duty, and violation of the Act. Defendants filed a motion for summary judgment on all three counts stating that: (1) defendants did not have a fiduciary relationship with plaintiffs, (2) plaintiffs admitted that no

misrepresentations were made and could not point to any unfair or deceptive practices, and (3) plaintiffs did not rely on defendants' advice and thus the advice did not proximately cause plaintiffs' damages. On October 15, 2004, the trial court granted defendants' motion for summary judgment on the counts for breach of fiduciary duty and violation of the Act, but denied the motion as to the negligence count.[1] The remaining count was set for trial on October 25, 2004.

On October 21, 2004, plaintiffs filed an emergency motion to dismiss without prejudice pursuant to section 2—1009 of the Code. 735 ILCS 5/2—1009 (West 2004). On October 22, 2004, a judge sitting in for the assigned judge granted the motion and entered an agreed order that required plaintiffs to: (1) pay the costs allowed by section 2—1009; (2) pay fees and costs that the court had awarded on October 2, 2004, related to its allowance of a supplemental opinion from plaintiffs' expert witness; and (3) pay any costs the court might later award defendants pursuant to Rule 219(e). The court also retained jurisdiction to decide any motion defendants might bring under Rule 219 (210 Ill. 2d R. 219).

On October 25, 2004, plaintiffs appeared before the assigned judge and presented the same motion for voluntary dismissal. Counsel advised the court that plaintiffs intended to refile and the court expressed a desire to hear the refiled case if the parties agreed. There is no transcript of this hearing. The court then entered an order dated October 25, 2004, that is identical to the order that was entered on October 22, granting voluntary dismissal subject to certain conditions. The court docket sheet shows that plaintiffs' motion to dismiss was filed on October 22, 2004. The entry on the docket sheet for October 25, 2004, states: "VOLUNTARY DISMISSAL W[ITH] LEAVE TO RE-FILE—ALLOWED."

On November 4, 2004, defendants filed a motion for costs pursuant to section 2—1009 of the Code (735 ILCS 5/2—1009 (West 2004)) and for reasonable expenses pursuant to Rule 219(e) (210 Ill. 2d R. 219(e)). The court heard the motion on February 18, 2005, and entered an order continuing the court's ruling on the motion until April 18, 2005, based upon plaintiffs' representation that the case would be refiled. Plaintiffs refiled the negligence claim on April 6, 2005 (*Quintas II*). On April 18, 2005, the court heard defendants' motion for costs in *Quintas I* and issued an order on May 4, 2005, holding that plaintiffs voluntarily dismissed the action in order to avoid compliance with

---

[1]Although the order grants summary judgment as to counts I and II, the parties agree that was an error and the surviving count was the negligence count (count I) with summary judgment granted as to counts II and III.

discovery deadlines and awarding judgment to defendants of $16,197.18 pursuant to Rule 219(e) (210 Ill. 2d R. 219).

On July 15, 2005, defendants filed a motion for administrative transfer, requesting that the same judge who presided over *Quintas I* also preside over *Quintas II*. Plaintiffs opposed the motion and it was denied. On November 4, 2005, defendants filed an answer and counterclaim in *Quintas II*, asserting the affirmative defense that plaintiffs' negligence claim was barred by *res judicata*. The counterclaim sought attorney fees and costs as the prevailing party pursuant to the Act. Plaintiffs moved to dismiss the counterclaim because such motions must be filed within 30 days of the judgment upon which the motion for costs is based. The counterclaim was eventually withdrawn on May 8, 2006. Defendants moved for summary judgment in *Quintas II* on November 28, 2005. The trial court granted the motion and entered summary judgment for defendants on February 28, 2006, on *res judicata* grounds. Plaintiffs filed a motion for reconsideration on March 29, 2006, and asked for a stay pending the Illinois Supreme Court's decision in *Hudson v. City of Chicago*, 228 Ill. 2d 462, 889 N.E.2d 210 (2008). The stay was granted and after the *Hudson* decision was issued, plaintiffs filed an amended motion for reconsideration. The motion was denied and this appeal follows.

## ANALYSIS

■ Our review of a trial court's grant of summary judgment is *de novo*. *Inter-Rail Systems, Inc. v. Ravi Corp.*, 387 Ill. App. 3d 510, 515, 900 N.E.2d 407, 411 (2008). The trial court granted summary judgment in favor of defendants because it held that *res judicata* barred plaintiffs' negligence claim. *Res judicata* is an equitable doctrine that is designed to prevent a multiplicity of lawsuits between the same parties where the facts and issues are the same. *Murneigh v. Gainer*, 177 Ill. 2d 287, 299, 685 N.E.2d 1357, 1363 (1997). Under the doctrine of *res judicata*, a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action. *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334, 665 N.E.2d 1199, 1204 (1996).

■ Illinois courts also adhere, as a matter of public policy, to a general rule against the splitting of claims or causes of action. *Best Coin-Op, Inc. v. Paul F. Ilg Supply Co.*, 189 Ill. App. 3d 638, 657, 545 N.E.2d 481, 493 (1989). Under the rule against claim-splitting, where a cause of action is in its nature entire and indivisible, a plaintiff cannot divide it in order to maintain separate lawsuits. *Best Coin-Op*, 189 Ill. App. 3d at 657, 545 N.E.2d at 493. That is, a plaintiff is not permitted to sue for part of a claim in one action and then sue for the

remainder in another action. *Rein*, 172 Ill. 2d at 340, 665 N.E.2d at 1206. Rather, the law requires that a plaintiff must assert all the grounds of recovery he may have against the defendant, arising from a single cause of action, in one lawsuit. *Handley v. Unarco Industries, Inc.*, 124 Ill. App. 3d 56, 66, 463 N.E.2d 1011, 1019 (1984); see also *Morris v. Union Oil Co. of California*, 96 Ill. App. 3d 148, 421 N.E.2d 1011 (1981) (a party must set out in his pleadings all of the grounds of recovery he may have). A plaintiff cannot preserve the right to bring a second action after loss of the first merely by limiting the theories of recovery opened by the pleadings in the first action. *Best Coin-Op*, 189 Ill. App. 3d at 657, 545 N.E.2d at 493.

In *Hudson*, the supreme court held that a plaintiff engages in claim-splitting if that plaintiff voluntarily dismisses a claim pursuant to section 2—1009 of the Code after another part of the cause of action has gone to final judgment and subsequently refiles that claim. *Hudson*, 228 Ill. 2d at 482, 889 N.E.2d at 222. The supreme court said that once a voluntary dismissal has been entered, the case is terminated in its entirety and all final orders become immediately appealable. *Hudson*, 228 Ill. 2d at 468, 889 N.E.2d at 214, citing *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 503, 687 N.E.2d 871 (1997). In *Hudson*, the plaintiffs filed a complaint alleging negligence and willful and wanton misconduct. The negligence count was dismissed. Plaintiffs voluntarily dismissed the willful and wanton misconduct count prior to trial and refiled that count within one year. The supreme court held that the refiled action was barred by *res judicata* because part of the original cause of action had already gone to final judgment in the previous case. *Hudson*, 228 Ill. 2d at 483-84, 889 N.E.2d at 223.

The parties agree that the elements required for *res judicata* to apply are present in this case. The October 15, 2004, order that granted summary judgment to defendants on two counts but denied it on the negligence count was a final order. The parties and the cause of action are the same. However, plaintiffs contend that two of the recognized exceptions to *res judicata* are applicable. First, the trial court expressly granted leave to refile when plaintiffs voluntarily dismissed the case. Second, defendants acquiesced by withholding objection, allowing both cases to exist simultaneously, and using the refiled action for their benefit. Defendants respond that there is no express language in the dismissal order reserving plaintiffs' right to refile. Defendants further contend that they did not allow both cases to exist simultaneously, that they objected to the refiling in their first answer to the complaint, and that they did not use the refiled action for their benefit.

■ The supreme court has adopted the exceptions to the rule against claim-splitting set forth in section 26(1) of the Restatement (Second) of Judgments (Restatement (Second) of Judgments §26(1) (1982)). *Hudson*, 228 Ill. 2d at 472, 889 N.E.2d at 216. The relevant exceptions provide that *res judicata* does not apply where:

"(a) The parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein; or

(b) The court in the first action has expressly reserved the plaintiff's right to maintain the second action." Restatement (Second) of Judgments §26(1), at 233 (1982).

First, we will address plaintiffs' argument that the trial court expressly reserved their right to refile. Although plaintiffs acknowledge that both voluntary dismissal orders say the dismissal was without prejudice but contain no reference to refiling, the court docket sheet entry for October 25, 2004, states: "VOLUNTARY DISMISSAL W[ITH] LEAVE TO REFILE—ALLOWED." In further support of their argument that the trial court expressly granted leave to refile, plaintiffs' counsel submitted an affidavit stating that at the October 25 hearing, the trial court expressed a desire to preside over the re-filed lawsuit if the parties agreed. Moreover, plaintiffs point out that in February 2005 the trial court continued defendants' motion for costs based on "plaintiffs' representation that their claims will be re-filed." In their motion for administrative transfer filed in July 2005, defendants acknowledged that plaintiffs' motion for voluntary dismissal "with leave to re-file" was granted.

Defendants respond that this exception does not apply because the October 25 order does not contain express language granting plaintiffs the right to refile. Defendants contend that the docket entry conflicts with the underlying order and any inconsistency between the two is to be resolved in favor of the order. Moreover, even if the language clearly reserves plaintiffs' right to refile, the comments in the Restatement that illustrate when this exception could arise do not support the application of the exception here.

Docket sheets are part of the common law record and are presumed to be correct. *People ex rel. Director of Corrections v. Edwards*, 349 Ill. App. 3d 383, 386, 812 N.E.2d 355, 358-59 (2004). This court has accepted a docket sheet entry as an order of the court where there was no transcript of the hearing and no written order. *In re Commitment of Hernandez*, 392 Ill. App. 3d 527, 531 (2009).

Here, because there is a written order, defendants argue that where a conflict exists between a court order and a docket entry, the court order controls, citing *First National Bank of Sullivan v. Bernius*,

127 Ill. App. 3d 193, 468 N.E.2d 188 (1984). In *Bernius,* this court had to determine whether a posttrial motion had been timely filed. There was a conflict between the date of the docket sheet entry and the date on the order. The docket sheet entry for May 31 stated the judgment order was on file, but the signed order was file stamped June 1. This court held that the motion was timely filed because the date on the actual order was controlling. *Bernius,* 127 Ill. App. 3d at 196, 468 N.E.2d at 192.

Here, there is no conflict between the docket entry and the order that would require us to determine which is controlling. The order grants the motion for voluntary dismissal without prejudice, subject to certain conditions. The docket entry states that the motion for voluntary dismissal with leave to refile is allowed. The order does not contain any reference to refiling, but that does not mean that it conflicts with the docket entry. It is merely silent on the issue of refiling. Moreover, because the words "without prejudice" in the order imply that the case can be refiled, the language in the docket sheet entry is in fact consistent with the order.

Defendants contend that even if plaintiffs were granted express leave to refile, the circumstances contemplated by the Restatement (Second) of Judgments under which this exception would apply are not present here. The comments for section 26 of the Restatement provide in relevant part:

> "It may appear in the course of an action that the plaintiff is splitting a claim, but that there are special reasons that justify his doing so, and accordingly that the judgment in the action ought not to have the usual consequences of extinguishing the entire claim; rather the plaintiff should be left with an opportunity to litigate in a second action that part of the claim which he justifiably omitted from the first action. ***

> For an instance where such special treatment of the plaintiff may be called for, see §25, comment *h* (possible reservation of action for restitution relief after plaintiff fails in action for breach of contract)." Restatement (Second) of Judgments §26, Comment *b,* at 235 (1982).

Defendants contend that this exception only applies when a plaintiff splits his claim but has special reasons for doing so, as in the Restatement example where a party reserves his right to seek relief in a restitution action in the event that his breach of contract action fails. Defendants argue that this exception does not allow a plaintiff to assert all of his claims in one action, take a voluntary dismissal of one claim after an adverse judgment on the merits of his other claims, and then file a subsequent lawsuit on the claim that was voluntarily dismissed.

We note that the examples provided in the Restatement are not meant to be an exhaustive list of the various circumstances in which an exception could arise. Indeed, the authors of the Restatement were focused primarily on the definition of claim-splitting as it was *originally* understood, *i.e.*, where a cause of action is in its nature entire and indivisible, a plaintiff cannot divide it in order to maintain separate lawsuits. *Best Coin-Op*, 189 Ill. App. 3d at 657, 545 N.E.2d at 493. The case law in Illinois that defines claim-splitting to also include a situation in which a plaintiff takes a voluntary dismissal of the remaining claims in an action after other claims have gone to final judgment was not proposed until *Rein*, 172 Ill. 2d 325, 665 N.E.2d 1199, and not clarified until *Hudson*, 228 Ill. 2d 462, 889 N.E.2d 210. Therefore, none of the examples in the Restatement address this type of claim-splitting. This does not mean that this exception was not intended to apply to this type of situation.

Defendants cite *Estate of Cooper v. Humana Health Plan, Inc.*, 338 Ill. App. 3d 845, 789 N.E.2d 361 (2003), in support of their position. In *Cooper*, the defendants' motion for summary judgment was partially granted and the plaintiff subsequently took a voluntary dismissal. In presenting the background information for the case, this court stated that "plaintiff was given leave to refile within one year." *Cooper*, 338 Ill. App. 3d at 846, 789 N.E.2d at 363. This court then upheld the trial court's order dismissing the refiled action as barred by *res judicata*, citing *Rein*, 172 Ill. 2d 325, 665 N.E.2d 1199, and *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 687 N.E.2d 871 (1997).

Defendants contend that *Cooper* supports an interpretation that this is not the type of situation contemplated by the drafters of the Restatement for this exception, even if the trial court granted express leave to refile. We disagree with this conclusion. *Cooper* contains no discussion of the exceptions to the rule against claim-splitting. While providing the background information that plaintiff was given leave to refile within one year, *Cooper* gives no additional details regarding whether this leave was expressly granted by the trial court or whether this was merely a reference to the one year allowed by statute for re-filing. Moreover, there is no indication that the *Cooper* court even considered the possibility that one of the exceptions to the rule against claim-splitting may have applied. There is no analysis or discussion of any kind regarding this exception and thus *Cooper* does not support defendants' argument that the express reservation exception only applies to the type of situation described in the Restatement comments.

We have found no case law in this jurisdiction or any other in which the express reservation exception was applied to this type of claim-splitting. Therefore, we must determine whether the docket

entry for October 25 constitutes an express reservation by the trial court of plaintiffs' right to maintain the second action.

The word "express" is defined as "[c]learly and unmistakably communicated; directly stated." Black's Law Dictionary 620 (8th ed. 2004). The docket sheet entry clearly and directly states that a voluntary dismissal with leave to refile was allowed. As previously noted, the October 25 order does not mention refiling and there is no transcript of the hearing. The affidavit submitted by plaintiffs' counsel makes it clear that refiling was discussed at the hearing because the trial court asked to preside over the refiled case if the parties agreed. By itself, this merely constitutes an acknowledgment that refiling was discussed and the trial court knew that plaintiffs intended to refile but does not mean the court expressly granted leave to refile.

Similarly, the language used in the trial court's order of February 18, 2005, continuing the hearing on defendants' motion for expenses under Rule 219(e) indicates that the trial court knew that plaintiffs intended to refile but does not constitute or confirm an express reservation by the court of the right to refile. Finally, defendants' acknowledgment in a motion filed in July 2005 that plaintiffs' motion for voluntary dismissal with leave to refile was granted is not sufficient for us to conclude that the trial court expressly reserved plaintiffs' right to refile, although it does indicate that defendants fully expected plaintiffs to refile.

■ Docket sheet entries are presumed to be correct and are accepted as orders of the court. The entry here clearly states that the motion was allowed with leave to refile. The docket sheet entry does not conflict with the written order entered on the same date but merely includes additional information related to refiling that is consistent with the language "without prejudice" in the order. While the references made to refiling by the trial court at the hearing and in the February 18, 2005, order do not by themselves constitute an express reservation, they indicate that the court fully expected the case to be refiled and support the interpretation that the docket sheet entry constitutes an express reservation of plaintiffs' right to refile. Plaintiffs' motion for voluntary dismissal did not mention refiling, so the language in the docket entry could not have been merely copied from the motion. Therefore, we must conclude that the trial court gave the instruction that the docket sheet entry should include the language "with leave to refile." This language clearly and unmistakably grants leave to refile; thus, the exception applies and plaintiffs' suit is not barred by *res judicata*.

We now address plaintiffs' contention that *res judicata* does not apply because the defendants acquiesced in the claim-splitting.

Plaintiffs argue that defendants acquiesced by withholding objection, allowing both cases to exist simultaneously, and using the refiled action for their benefit.

While acknowledging that our supreme court has held that the appropriate time to object is when the action is refiled (see *Rein*, 172 Ill. 2d at 342, 665 N.E.2d at 1207), plaintiffs first argue that this case is different because upon voluntary dismissal, the court granted leave to refile. Therefore, defendants should have objected at that time, knowing that the court and the parties expected the case to be refiled. Defendants respond that a request for leave to refile does not alter the nature and timing of a party's duty to object to the second lawsuit.

We agree that defendants were under no obligation to object at the time of the voluntary dismissal. The appropriate time to object is when the action is refiled. We do not agree that the expectations of the parties regarding refiling places defendants under an obligation to object at the time the voluntary dismissal is granted. Defendants objected in the first answer filed in *Quintas II* and therefore the objection was timely and does not constitute acquiescence.

Next, plaintiffs contend that defendants acquiesced by allowing both cases to exist simultaneously, citing *Thorlief Larson & Son, Inc. v. PPG Industries, Inc.*, 177 Ill. App. 3d 656, 662, 532 N.E.2d 423, 427 (1988), and *Saxon Mortgage, Inc. v. United Financial Mortgage Corp.*, 312 Ill. App. 3d 1098, 1110-11, 728 N.E.2d 537, 546 (2000). In support of this argument, plaintiffs argue that the summary judgment order in *Quintas I* did not become appealable upon the entry of the voluntary dismissal because of defendants' pending motion for costs and expenses as sanctions under Rule 219(e), citing *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 563 N.E.2d 459 (1990). Defendants respond that the cases did not exist simultaneously because the voluntary dismissal was granted as of the date of the October 2004 order and plaintiffs ceased to maintain any claims under *Quintas I* after that date.

The October 25, 2004, order granted the voluntary dismissal subject to certain conditions, and one of those conditions was that the trial court would retain jurisdiction over the matter to decide any motion under Rule 219(e). Defendants filed their motion for expenses under Rule 219(e) within 10 days of the court's order. However, the trial court then continued the hearing on the motion until after the date plaintiffs informed the court they expected to refile the claim. Therefore, because the granting of the voluntary dismissal was subject to the trial court retaining jurisdiction to hear any motion under Rule 219(e) and because the trial court did not rule on the motion until after *Quintas II* had been filed, the voluntary dismissal did not take

effect until after the date of refiling and the two cases existed simultaneously.

Plaintiffs contend that defendants allowed the cases to exist simultaneously and that motions for expenses under Rule 219(e) can be brought in either the initial case or in the refiled action. We will first address the proper time for filing motions under Rule 219(e). The purpose of the rule is to prevent parties from using a voluntary dismissal to avoid compliance with discovery deadlines, orders or applicable rules. 210 Ill. 2d R. 219(e). The rule provides:

"In establishing discovery deadlines and ruling on permissible discovery and testimony, the court shall consider discovery undertaken (or the absence of same), any misconduct, and orders entered in prior litigation involving a party." 210 Ill. 2d R. 219(e).

This portion of the rule clearly applies to the court in the refiled action because it refers to prior litigation. The next sentence of the rule provides:

"The court may, in addition to the assessment of costs, require the party voluntarily dismissing a claim to pay an opposing party or parties reasonable expenses incurred in defending the action ***." 210 Ill. 2d R. 219(e).

Because this portion of the rule refers to the party dismissing the claim, it seems to apply to the court in the original action. However, because this sentence immediately follows the sentence that refers to prior litigation, and both sentences simply refer to "the court," it is not clear from the language of the rule itself whether this sentence refers to the court in the original action, the court in the refiled action, or both.

Our supreme court provided some guidance in *Morrison v. Wagner*, 191 Ill. 2d 162, 729 N.E.2d 486 (2000). The court said that "Rule 219(e) prevents voluntary dismissals from being used as an artifice for evading discovery requirements through *two entirely different mechanisms*." (Emphasis added.) *Morrison*, 191 Ill. 2d at 166, 729 N.E.2d at 488. First, Rule 219(e) allows the court to require the party seeking dismissal to pay the reasonable expenses incurred in defending the action, in addition to any costs awarded under section 2—1009(a) of the Code. *Morrison*, 191 Ill. 2d at 166-67, 729 N.E.2d at 488-89. Second, Rule 219(e) attaches additional consequences if the action is refiled by requiring the court in the refiled action to consider the prior litigation in determining what discovery will be permitted and what witnesses and evidence may be barred. *Morrison*, 191 Ill. 2d at 167, 729 N.E.2d at 489.

Under the guidelines set forth in *Morrison*, defendants filed their motion for expenses under Rule 219(e) at the proper time, after

plaintiffs moved for voluntary dismissal in *Quintas I*. Whether or not it was appropriate for the trial court to continue the hearing on the motion for expenses under Rule 219(e) in *Quintas I* until after *Quintas II* had been filed, we do not agree that defendants allowed the cases to exist simultaneously, thereby acquiescing in the refiling. As noted above, the supreme court has stated that the appropriate time for a defendant to object is when the plaintiff attempts to refile. *Rein*, 172 Ill. 2d at 342, 665 N.E.2d at 1207. The record here discloses that defendants objected to the refiling in the first answer they filed in *Quintas II* by raising the affirmative defense of *res judicata*. Thus, although the two suits existed simultaneously, defendants' objection to *Quintas II* was timely and does not constitute acquiescence.

Finally, plaintiffs argue that defendants acquiesced by using the refiled action for their benefit in two ways. First, plaintiffs contend defendants used *Quintas II* for their benefit by filing a motion for expenses under Rule 219(e) in *Quintas I* instead of waiting to file it until after *Quintas II* was filed. Second, defendants used the refiled action for their benefit by filing a counterclaim for fees and costs under the Act. Plaintiffs contend that it was only after defendants realized they could not use *Quintas II* as a vehicle to obtain fees and costs under the Act that they moved against *Quintas II*.

We find no merit to these arguments. First, as noted above, the supreme court has stated that the proper time to file a motion for expenses under Rule 219(e) is in the original action once the plaintiff has filed for voluntary dismissal. Under Rule 219(e), the court in the refiled action only considers the prior litigation in determining what discovery will be permitted and what witnesses and evidence may be barred. Therefore, defendants filed their motion for expenses under Rule 219(e) at the appropriate time by filing it in *Quintas I* after plaintiffs filed for voluntary dismissal. Second, defendants filed the counterclaim and the answer together on November 4, 2005. The answer contained the affirmative defense of *res judicata*, so defendants' objection to *Quintas II* was filed before plaintiffs moved to dismiss the counterclaim which was subsequently withdrawn, and before defendants moved for summary judgment.

Based on the foregoing analysis, we determine that defendants did not acquiesce and this exception does not apply.

## CONCLUSION

Because the docket sheet entry granting plaintiffs' motion for voluntary dismissal with leave to refile is accepted as an order of the court and does not conflict with the written order, we conclude that the express reservation exception applies and plaintiffs' suit was not

barred by *res judicata*. However, because defendants objected to *Quintas II* in a timely fashion and filed a motion for expenses under Rule 219(e) at the appropriate time, we conclude that the acquiescence exception to *res judicata* does not apply.

Reversed and remanded.

O'MARA FROSSARD, P.J., and O'BRIEN, J., concur.