THIRD DIVISION
April 28, 2010

No. 1-09-2233

| | | |
|---|---|---|
| WILLIAM J. GREEN, as Special Administrator | ) | APPEAL FROM THE |
| of the Estate of Frankie Green, Deceased, | ) | CIRCUIT COURT OF |
| and WILLIAM F. GREEN, Individually, | ) | COOK COUNTY |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORTHWEST COMMUNITY HOSPITAL | ) | No. 08 L 2950 |
| and NORTHWEST COMMUNITY | ) | |
| HEALTHCARE, | ) | |
| Defendants-Appellees | ) | |
| | ) | |
| (Adam T. Cios, and Emergency | ) | HONORABLE |
| Care Group of Northwest, S.C., | ) | RONALD S. DAVIS, |
| Defendants). | ) | JUDGE PRESIDING. |

JUSTICE STEELE delivered the opinion of the court:

Plaintiffs William J. Green, as special administrator for the estate of Frankie Green, and William F. Green, individually (Greens), appeal an order of the circuit court of Cook County dismissing their claims against defendants Northwest Community Hospital, individually and doing business as Northwest Community Healthcare (Northwest), in a medical malpractice case. Defendants Adam T. Cios, M.D., and Emergency Healthcare Group of Northwest, S.C., are not parties to this appeal. For the following reasons, we reverse and remand the case for further proceedings.

BACKGROUND

The record on appeal discloses the following facts. On April 15, 2004, the Greens filed their initial complaint against Northwest and Dr. Cios. The Greens' initial complaint claimed

medical negligence in the treatment of William F. Green's wife; wrongful death; survival; funeral and burial expenses; and spoliation of evidence. All of the counts related to the care of Frankie Green at Northwest on November 17, 2003.

On April 3, 2006, the circuit court entered summary judgment in favor of Northwest on counts V through VII of the Greens' third amended complaint, which alleged wrongful death, loss of consortium and survival claims, respectively. The circuit court's order provided that there was no just reason to delay enforcement or appeal of the order pursuant to Illinois Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)). On August 20, 2007, the circuit court entered summary judgment in favor of Northwest on counts IX and X of the Greens' fifth amended complaint, which alleged intentional infliction of emotional distress and spoliation of evidence, respectively.

The Greens' case was set for trial on October 24, 2007. On October 29, 2007, the Greens moved to voluntarily dismiss the case pursuant to section 2-1009 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1009 (West 2006)). The trial court granted the Greens' motion over Northwest's objection. The trial court order provides that "[t]he plaintiff is granted leave to voluntarily dismiss with leave to reinstate as a matter of right."

The Greens refiled their case on March 17, 2008. The Greens' 10-count complaint contained wrongful death, survival, loss of consortium, consumer fraud and healthcare fraud claims against Northwest regarding the care of Frankie Green at Northwest on November 17, 2003.

On August 19, 2008, Northwest moved to dismiss the aforesaid five counts pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2006)), arguing that they were barred by the

doctrine of res judicata. On January 16, 2009, the circuit court entered an order dismissing the wrongful death, survival, and loss of consortium claims. Both parties moved for reconsideration of the order. On May 28, 2009, the circuit court granted Northwest's motion to reconsider, entering an order additionally dismissing the Greens' consumer fraud and healthcare fraud claims against Northwest. On July 29, 2009, the circuit court granted Northwest's motion to clarify, finding no just reason to delay enforcement or appeal of the order. 210 Ill. 2d R. 304(a). The Greens filed a timely notice of appeal to this court.

## DISCUSSION

The issue on appeal is whether the trial court erred in dismissing the claims against Northwest under section 2-619 of the Code. The purpose of a section 2-619 motion is to dispose of issues of law and easily proved issues of fact early in the litigation. O'Casek v. Children's Home & Aid Society, 229 Ill. 2d 421, 436, 892 N.E.2d 994, 1004 (2008). A court's dismissal of a complaint under section 2-619 motion is reviewed de novo. O'Casek, 229 Ill. 2d at 436, 892 N.E.2d at 1004.

One ground for dismissal in section 2-619 of the Code is that a prior judgment bars the plaintiff's cause of action, i.e., that the prior judgment has res judicata effect in the subsequent lawsuit. 735 ILCS 5/2-619(a)(4) (West 2006). Res judicata is an equitable doctrine designed to prevent multiple lawsuits between the same parties where the facts and issues are the same. Murneigh v. Gainer, 177 Ill. 2d 287, 299, 685 N.E.2d 1357, 1363 (1997). Under the doctrine of res judicata, a final judgment on the merits rendered by a court of competent jurisdiction bars any

subsequent actions between the same parties or their privies on the same cause of action. Rein v. David A. Noyes & Co., 172 Ill. 2d 325, 334, 665 N.E.2d 1199, 1204 (1996).

Illinois courts also generally follow a rule against claim-splitting. Best Coin-Op, Inc. v. Paul F. Ilg Supply Co., 189 Ill. App. 3d 638, 657, 545 N.E.2d 481, 493 (1989). Under this rule, where a cause of action is in its nature entire and indivisible, a plaintiff cannot divide it in order to maintain separate lawsuits. Best Coin-Op, 189 Ill. App. 3d at 657, 545 N.E.2d at 493. A plaintiff is not permitted to sue for part of a claim in one action and then sue for the remainder in another action. Rein, 172 Ill. 2d at 340, 665 N.E.2d at 1206. Instead, a plaintiff must assert all the grounds of recovery he or she may have against the defendant arising from a single cause of action in one lawsuit. Handley v. Unarco Industries, Inc., 124 Ill. App. 3d 56, 66, 463 N.E.2d 1011, 1019 (1984); see also Morris v. Union Oil Co. of California, 96 Ill. App. 3d 148, 154, 421 N.E.2d 278, 283 (1981) (a party must set out in his pleadings all of the grounds of recovery he may have). A plaintiff cannot preserve the right to bring a second action after loss of the first by limiting the theories of recovery alleged by the pleadings in the first action. Best Coin-Op, 189 Ill. App. 3d at 657, 545 N.E.2d at 493.

In Hudson v. City of Chicago, 228 Ill. 2d 462, 889 N.E.2d 210 (2008), the Illinois Supreme Court held that a plaintiff engages in claim-splitting if that plaintiff voluntarily dismisses a claim pursuant to section 2-1009 of the Code after another part of the cause of action has gone to final judgment and subsequently refiles that claim. Hudson, 228 Ill. 2d at 482, 889 N.E.2d at 222. The Hudson court said that once a voluntary dismissal has been entered, the case is terminated in its entirety and all final orders become immediately appealable. Hudson, 228 Ill. 2d

at 468, 889 N.E.2d at 214, citing Dubina v. Mesirow Realty Development, Inc., 178 Ill. 2d 496, 503, 687 N.E.2d 871 (1997). In Hudson, the plaintiffs filed a complaint alleging negligence and willful and wanton misconduct. The negligence count was dismissed. Plaintiffs subsequently voluntarily dismissed the willful and wanton misconduct count prior to trial and refiled the count within one year. The supreme court held that the refiled action was barred by res judicata, because part of the original cause of action had already reached final judgment in the previous case. Hudson, 228 Ill. 2d at 483-84, 889 N.E.2d at 223.

The Illinois Supreme Court also has adopted exceptions to the rule against claim-splitting set forth in section 26(1) of the Restatement (Second) of Judgments (Restatement (Second) of Judgments §26(1) (1982)). Hudson, 228 Ill. 2d at 472, 889 N.E.2d at 216. For example, res judicata does not apply where "[t]he court in the first action has expressly reserved the plaintiff's right to maintain the second action." Restatement (Second) of Judgments §26(1)(b), at 233 (1982). The supreme court has noted that the use of "without prejudice" language is not sufficient to protect a plaintiff against the bar of res judicata when another part of plaintiff's case has reached final judgment in a previous action. Hudson, 228 Ill. 2d at 472 n.2, 889 N.E.2d at 216 n.2. However, after the circuit court entered the dismissal order in this case, this court ruled that a docket sheet entry including the language "with leave to refile" clearly and unmistakably grants leave to refile, triggering the exception to the rule against claim-splitting. Quintas v. Asset Management Group, Inc., 395 Ill. App. 3d 324, 333, 917 N.E.2d 100, 107 (2009).

In this case, as in Hudson, the Greens voluntarily dismissed their lawsuit pursuant to section 2-1009 of the Code after several causes of action against Northwest had reached final

judgment, and then subsequently refiled the claims against Northwest based on the same facts and issues.[1]  However, similar to Quintas, the trial court's dismissal order in the first action provides that "[t]he plaintiff is granted leave to voluntarily dismiss with leave to reinstate as a matter of right."  Northwest asserts that Quintas "does not contain a meaningful analysis" of the issue of whether the phrase "leave to reinstate" is sufficient to avoid the bar of res judicata.  In fact, the Quintas court specifically analyzed whether the docket entry at issue constituted an express reservation by the trial court of plaintiffs' right to maintain the second action.  Quintas, 395 Ill. App. 3d at 333, 917 N.E.2d at 107.

Northwest argues that an order should have to contain more specific language to fall within the exception against claim-splitting recognized in Hudson.  Northwest cites Matejczyk v. City of Chicago, 397 Ill. App. 3d 1, 10, 922 N.E.2d 24, 33 (2009), in which this court affirmed a dismissal where there was "no indication in the record that the dismissal order was written with an exception to claim-splitting in mind."  However, in Matejczyk, the trial court order also granted a motion to dismiss count two as barred by the statute of limitations with leave to replead count two "should [Matejczyk] wish to do so within 28 days."  Matejczyk filed a second amended

---

[1]  The Greens argue in their reply brief that the doctrine of res judicata should not apply to the refiled case, asserting that the voluntarily dismissed claims in the first action involved a separate set of facts from the counts that reached a final judgment.  Points not argued in the appellants' initial brief are waived and shall not be raised in the reply brief.  210 Ill. 2d R. 341(h)(7).

complaint, but moved to voluntarily dismiss the suit the next day. Matejczyk subsequently refiled the action that became the subject of the appeal. Matejczyk, 397 Ill. App. 3d at 3, 922 N.E.2d at 27-28. Notably, the order granting the voluntary dismissal contained no language clearly and unmistakably also granting leave to refile the action. Thus, Matejczyk is distinguishable from this case on its facts.

Northwest also notes that the trial court may include even more specific language regarding res judicata in a dismissal order. See United States v. Outboard Marine Corp., 789 F.2d 497, 501-02 (7th Cir. 1986). However advisable it may be for the circuit court to include more specific language, the issue is whether the court in the first action expressly reserved the plaintiffs' right to maintain the second action. Here, following Quintas, the circuit court order expressly reserved the Greens' right to refile. Thus, the trial court's voluntary dismissal order falls within the exception to the general rule against claim-splitting.

The remaining issue is the scope and effect of such a dismissal order. We note that the exception to the rule against claim-splitting overlaps – but is distinct from – more general exceptions to the bar of res judicata:

"a. General. This Section enumerates the situations in which a valid and final personal judgment for the defendant does not bar the plaintiff from bringing another action on the same claim. It takes special note of the substantial impact of statutes and rules of court.

There is, perhaps inevitably, some degree of overlap between the matters dealt with in this Section and the exceptions, set forth in § 26, to the general rule against

splitting of a 'claim.' There are, however, two important lines of distinction. First, the present Section deals with instances in which the general rule of bar does not apply – i.e., instances in which the plaintiff remains entirely free to prosecute all or any part of his claim (except as limited by the direct estoppel effect of the first judgment); Section 26, on the other hand, deals in large part with instances in which after the first judgment the plaintiff no longer retains the full freedom he once had--with instances of what might be described as 'partial merger or bar.' ***

      b. Effect of judgment as to issues decided. The rules of issue preclusion (see §§ 27, 28) apply to a valid and final personal judgment for the defendant even though the judgment is one which, under this Section, does not bar another action on the same claim."

Restatement (Second) of Judgments §20, Comments a, b, at 170-71 (1982).

The exception to the rule against claim-splitting necessarily implies that the specific claims that have already reached a final judgment remain final judgments. Moreover, as noted, the rules of issue preclusion apply to a valid and final personal judgment, which has a direct estoppel effect, even when a broader exception to the res judicata bar applies.

CONCLUSION

In sum, the circuit court did not err in dismissing the Greens' wrongful death, survival, and loss of consortium claims, which reached final judgment in the first action. However, the circuit court erred in dismissing the Greens' consumer fraud and healthcare fraud claims against Northwest, which did not reach final judgment in the first action, because the voluntary dismissal

order expressly reserved the Greens' right to refile a second action. For all of the aforementioned reasons, the judgment of the circuit court of Cook County is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

MURPHY, P.J., and QUINN, J., concur.

REPORTER OF DECISIONS – ILLINOIS APPELLATE COURT
(Front Sheet to be Attached to Each Case)

| Please Use Following Form: | |
|---|---|
| Complete TITLE of Case | WILLIAM J. GREEN, as Special Administrator of the Estate of Frankie Green, Deceased, and WILLIAM F. GREEN, Individually,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>NORTHWEST COMMUNITY HOSPITAL and NORTHWEST COMMUNITY HEALTHCARE,<br><br>Defendants-Appellees<br>(Adam T. Cios, and Emergency Care Group of Northwest, S.C., Defendants). |
| Docket No.<br><br>COURT<br><br><br>Opinion Filed | No. 1-09-2233<br>Appellate Court of Illinois<br>First District, THIRD Division<br><br>April 28, 2010<br>(Give month, day and year) |
| JUSTICES | JUSTICE STEELE delivered the opinion of the court:<br><br>Murphy, P.J., and Quinn, J.,      concur |
| APPEAL from the Circuit Ct. of Cook County, Chancery Div. | Lower Court and Trial Judge(s) in form indicated in the margin:<br>Circuit Court of Cook County, Law Division<br>The Honorable Ronald S. Davis , Judge Presiding. |
| For APPELLANTS, John Doe, of Chicago.<br><br>For APPELLEES, Smith and Smith of Chicago, Joseph Brown, (of Counsel)<br><br>Also add attorneys for third-party appellants or appellees. | Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel. Indicate the word NONE if not represented.<br>Attorney for **Plaintiffs-Appellants**: Jesse V. Harris, of Chicago, IL<br><br>Dinizulu Law Group, of Chicago, IL<br>Yao O. Dinizulu (of Counsel)<br><br>Attorneys for **Defendants-Appellees**: Hall Prangle & Schoonveld, LLC, of Chicago, IL<br>Hugh C. Griffin, Laura G. Postilion, and Jacob Z. Goldstein (of Counsel)<br><br>Cassiday Schade, LLP, of Chicago, IL<br>Robert H. Summers (of Counsel) |