In the

# United States Court of Appeals
### For the Seventh Circuit

_____

No. 23-1421

HOLLY SVENDSEN, *et al.*,

*Plaintiffs-Appellants,*

*v.*

JB PRITZKER, Governor of Illinois, *et al.*,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Central District of Illinois.
No. 22-cv-1269-JES-JEH — **James E. Shadid**, *Judge.*

_____

ARGUED JANUARY 17, 2024 — DECIDED JANUARY 29, 2024

_____

Before FLAUM, EASTERBROOK, and PRYOR, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* During the COVID-19 pandemic, the Governor of Illinois issued an executive order requiring personnel in primary and secondary schools to be tested regularly for the disease unless they had been vaccinated against it. Several persons affected by this order filed suit in state court contending that this requirement offended state law. They sought declaratory and injunctive relief but not damages.

While the state case was pending, the same plaintiffs—who had been suspended or fired because they refused to be either tested or vaccinated—filed a federal suit adding damages to the relief they sought. They asserted that the Governor and other public officials had violated the First and Fourteenth Amendments, applied through 42 U.S.C. §1983; Title VII of the Civil Rights Act of 1964, which requires the accommodation of religious beliefs, 42 U.S.C. §2000e(j); the federal statute allowing emergency-use authorization of vaccines, 21 U.S.C. §360bbb–3; the Illinois Public Health Act, 20 ILCS 2305/2; the Illinois Religious Freedom Restoration Act, 775 ILCS 35/15; and the Equal Protection Clause of the Illinois Constitution.

These theories encounter procedural problems. For example, a claim under Title VII depends on filing a charge with the EEOC and receiving authority to sue. 42 U.S.C. §2000e–5(b), (f)(1). Yet plaintiffs never furnished the district court with a copy of a right-to-sue letter. After some defendants asserted that plaintiffs had not filed a charge in the first place, they contended (without mentioning §2000e–5) that one is unnecessary. A demand for damages against the state and its officials, based on theories other than Title VII, falters on the rule that §1983 does not treat states or their officials as "persons" subject to damages. See *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Plaintiffs' invocation of state law runs headlong into the rule that federal courts cannot grant relief against state officials based on a conclusion that they have violated state law. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 97–123 (1984). Section 360bbb–3 does not provide a private right of action, and using the approach of *Maine v. Thiboutot*, 448 U.S. 1 (1980), to create one would take us back to §1983 and *Will*. Some of these potential

problems are inapplicable to claims against local officials, but plaintiffs have not attempted to differentiate the defendants by level of government; both their complaint and their appellate briefs treat all defendants as identically situated.

The district court did not address these procedural difficulties or consider the merits. Instead it dismissed the federal suit as barred by the rule against claim splitting, an aspect of the doctrine of claim preclusion (res judicata). See *Restatement (Second) of Judgments* §§ 24–26 (1982). By the time the federal court addressed plaintiffs' complaint, the state proceeding had ended with a judgment dismissing plaintiffs' claims as moot—for by then the Governor had rescinded his executive order. The district court's initial opinion denied defendants' motion to treat the dismissal as dispositive. 2023 U.S. Dist. LEXIS 17636 (C.D. Ill. Feb. 2, 2023). Applying the state law of preclusion—see 28 U.S.C. §1738; *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373 (1985)—the federal judge believed that the state judge should have dismissed the suit without prejudice, even though the judgment specified that dismissal was with prejudice. 2023 U.S. Dist. LEXIS 17636 at *15–17. And a dismissal without prejudice would not have blocked a later suit. *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518 ¶24. The very next day, however, the federal judge dismissed the suit under the rubric of claim splitting. 2023 U.S. Dist. LEXIS 18419 (C.D. Ill. Feb. 3, 2023).

The federal judge was right to apply the state's law of preclusion, as §1738 ¶3 requires. In this court the parties all but ignore Illinois law, but *Kamen v. Kemper Financial Services, Inc.*, 500 U.S. 90, 99 (1991), holds that we may apply the correct body of legal rules despite the parties' fecklessness.

The judge also was right to recognize that a state decision rendered after the federal suit begins has the same preclusive effect it would have had possessed had it been rendered earlier. *Restatement* §14. (We cite the *Restatement* because the Supreme Court of Illinois has declared that it follows the American Law Institute on issues concerning the preclusive effect of judgments. See, e.g., *River Park, Inc. v. Highland Park*, 184 Ill. 2d 290, 311–13 (Ill. 1998).) The state judge dismissed the state suit while the federal suit was pending, and that terminating disposition satisfies the requirement in Illinois that a decision be "final" to have preclusive effect. See, e.g., *Richter* ¶40; *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 340 (1996).

The judge was on shakier ground in believing that he could treat a state judgment as standing for what the state court should have done. The actual judgment dismisses the state suit with prejudice. That was a final and appealable disposition. If plaintiffs believed that the judgment should have provided something else, they could have appealed but did not. Plaintiffs have not cited any Illinois case permitting a later court to proceed on the basis of its belief about what the first court should have done, rather than what it did.

We do not think that the difference between dismissal with and without prejudice matters in the end. Any final dismissal brings into play the rule against claim splitting. In *Rein* the Supreme Court of Illinois, relying on *Restatement* §26(1), wrote that a final disposition in one suit blocks another unless

(1) the parties have agreed in terms or in effect that plaintiff may split his claim or the defendant has acquiesced therein; (2) the court in the first action expressly reserved the plaintiff's right to maintain the second action; (3) the plaintiff was unable to obtain relief on his claim because of a restriction on the subject-matter jurisdiction of the court in the first action; (4) the judgment in the first action was plainly inconsistent with the equitable implementation of a statutory scheme; (5) the case involves a continuing or recurrent wrong; or (6)

> it is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason.

172 Ill. 2d at 341. None of these exceptions applies here.

Plaintiffs chose to present a demand for equitable relief in one forum and a demand for damages in another. Illinois forbids that multiplication of suits. The state permits only one suit concerning any single set of events, no matter how a plaintiff chooses to allocate legal theories or remedial requests. See, e.g., *River Park*, 184 Ill. 2d at 311; *Rein*, 172 Ill. 2d at 339–42; *Green v. Northwest Community Hospital*, 401 Ill. App. 3d 152 (1st Dist. 2010). As a matter of state law all legal theories contesting the test-or-vaccinate order arise from one nucleus of operative facts. The reason the state case became moot was that plaintiffs had sought damages in a different forum, a maneuver that Illinois disallows. Plaintiffs may have been hoping to get the better of two outcomes, but under Illinois law they get the first outcome—good or bad.

That the Governor amended his order (and ultimately rescinded it) after the state and federal suits had been filed does not matter; the target of plaintiffs' complaint remains the test-or-be-vaccinated command. Plaintiffs tell us that both the executive order and some rules of law changed while the state suit was pending, but they conceded at oral argument that they do not know of any decision under Illinois law holding that such changes permit litigants to move to a different forum and start over. (For what it is worth, we add that none of the amendments to the executive order injured any of the plaintiffs.)

*Marrese* holds that the state's law of preclusion applies even when some potential legal theories must be litigated in federal court. When one court has exclusive jurisdiction over some theories of relief, the plaintiff may choose where to

litigate (potentially surrendering a theory) but may not liti-
gate in both state and federal court unless state law permits
that step. Illinois law does not allow multiple suits, but nei-
ther did it require these plaintiffs to elect some claims and
abandon others. All of their legal theories and remedial re-
quests could have been adjudicated in state court. Instead
plaintiffs sought equitable relief in one forum and damages in
another—even though, given *Will* and *Pennhurst*, they chose
the wrong forum in which to seek damages. Illinois does not
tolerate sequential litigation against a single order, whether
or not the plaintiffs made a strategic blunder.

AFFIRMED