NOTICE
Decision filed 06/24/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240559-U

NO. 5-24-0559

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| MARK CAMPBELL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 24-MR-13 |
| | ) | |
| FELICIA ADKINS, Warden of Danville Correctional | ) | |
| Center, | ) | Honorable |
| | ) | Charles C. Hall, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE McHANEY delivered the judgment of the court.
Justices Boie and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Mark Campbell, an inmate incarcerated in the Danville Correctional Center, filed a *habeas corpus* petition alleging that extrinsic fraud occurred during his bench trial, resulting in the trial court losing jurisdiction. The trial court denied the petition, finding that Campbell failed to make a claim required for *habeas corpus* relief. For the following reasons, we find that Campbell's appeal is barred by *res judicata* and, therefore, affirm the trial court's denial.

¶ 2    In April 2003, after a bench trial, Mark Campbell was convicted of first degree murder (720 ILCS 5/9-1(a)(1) (West 2002)), attempt first degree murder (*id.* §§ 8-4, 9-1), and armed robbery (*id.* § 18-2(a)(2)), and sentenced to a consecutive term of 85 years in prison for first degree murder, 20 years for attempt (first degree murder), and 10 years for armed robbery. Campbell appealed, and his conviction and sentence were affirmed in *People v. Campbell*, No. 4-03-0733 (July 6, 2005) (unpublished order under Supreme Court Rule 23). Subsequently, he filed a

1

postconviction petition under the Post-Conviction Hearing Act (725 ILCS 5/122-1 to 122-7 (West 2004)), two motions for leave to file successive postconviction petitions, and a petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)) (2-1401 petition/2-1401 case), none of which were successful in the trial court or the subsequent appeals.

¶ 3 On February 20, 2024, the defendant filed a petition for *habeas corpus* pursuant to the Habeas Corpus Act (735 ILCS 5/10-102 *et seq.* (West 2022)), against Felicia Adkins, the Danville Correctional Center warden, alleging that extrinsic fraud occurred during his bench trial that voided his conviction for first degree murder. He alleged that the prosecutors presented false testimony from an expert witness about the caliber of the bullet removed from the victim's body to match that of the description of the gun from the eyewitness (and other victim). Campbell stated, "The point in this petition is not about the constitutionality of Mr. Kozel's testimony. It's solely based upon the State's conduct of knowing that their evidence failed to support a conviction for first degree murder that had no witness, and instead of dismissing either the case or the charge of first degree murder, they chose to proceed to trial." He requested that the conviction for first degree murder be reversed and that he immediately be released. Attached to the petition was a copy of the forensic testing of the bullet removed from the victim as well as excerpts of trial testimony from the expert witness containing Campbell's hand-written notes and commentary in the margins.

¶ 4 The petition was called for hearing on April 15, 2024, and Campbell appeared via Zoom. Campbell argued, "[t]he State literally utilized fraudulent means in order to obtain that conviction against me" and asserted that he was innocent of the crimes. After Campbell's argument, the trial court explained that *habeas corpus* relief is available for only two situations: lack of jurisdiction by the trial court and an event that occurs after the conviction that entitles a prisoner to release. It

2

stated that a petition seeking *habeas corpus* relief cannot be used to review proceedings, which was the basis of Campbell's petition. It then stated:

> "And I would point out that your petition basically goes back into what occurred at trial that was wrong and you state what you think should have happened or didn't happen. Now, here in your case, your petition and argument failed to meet either of those standards for *habeas* relief. You make no argument as to how the trial court lacked either subject matter or personal jurisdiction. Nor does your petition demonstrate any post commitment occurrence entitling you to immediate release. For those reasons, I'm going to deny your petition for *habeas corpus*."

¶ 5    On April 16, 2024, Campbell filed a *pro se* notice of appeal. He argues that the trial court erred in denying his *habeas corpus* petition because "the material issue of the trial court's lack of subject matter jurisdiction" exists, which renders the judgment void. He asserts that the trial court erred in its *sua sponte* denial of his petition because, at the first stage, "the circuit court was only supposed to inspect the petition and the documents affixed to it to conclude whether the petition state[d] a claim that can be raised under the Act." He proceeds to argue that the State and its expert witness knew that the fired bullet tested to be a .38 caliber, but that at trial, the expert witness testified that he was "able to place the bullet in the .38 'class' caliber" (thereby placing it in a class that could encompass a 9-millimeter weapon, which the surviving victim testified that Campbell used), thus intentionally misrepresenting his findings. He contends that this misrepresentation allowed the trial court to "rely upon its deception that would void the order." He argues that this is "extrinsic fraud" and that he could not fairly cross-examine the expert. He requests that we reverse the trial court's *sua sponte* dismissal of his *habeas corpus* petition and remand to the trial court to advance the petition "to the next steps of the Act."

¶ 6    In response, Adkins argues that the trial court was correct in dismissing the *habeas corpus* complaint. She contends that a trial court can dismiss a *habeas corpus* petition *sua sponte* if it fails to allege a recognized defect or is meritless. She asserts that Campbell's claim that the expert

3

witness provided fraudulent testimony at trial does not fall within one of the recognized defects and, therefore, he is not entitled to relief. She maintains that the trial court properly had both subject matter and personal jurisdiction and that the alleged fraud occurred during the bench trial after jurisdiction was acquired. It is not a basis to "oust the court of jurisdiction or render its judgment of conviction void." She maintains that the alleged fraud is intrinsic to the murder case and could not divest the trial court of jurisdiction because it goes to the case's merits. She points out that no Illinois case finds that fraud that makes it harder for the adverse party to defend themselves divests a trial court of jurisdiction. She asserts that Campbell's complaint failed to state a claim for *habeas corpus* relief and that we should affirm the trial court's judgment.

¶ 7        Before addressing the merits of the appeal, we first must determine if this appeal is barred by *res judicata*. "*Res judicata* is an equitable principle intended to prevent multiple lawsuits between the same parties involving the same facts and issues." *Langone v. Schad, Diamond & Shedden, P.C.*, 406 Ill. App. 3d 820, 832, (2010) (citing *Green v. Northwest Community Hospital*, 401 Ill. App. 3d 152, 154 (2010)). This principle prohibits subsequent actions when a final judgment is reached on the merits by a court of competent jurisdiction between the same parties or privies on the same cause of action. *Id.* (citing *Green*, 401 Ill. App. 3d at 154). For *res judicata* to apply, there must be "(1) an identity of the parties or their privies in the two lawsuits; (2) an identity to the causes of action; and (3) a final judgment on the merits of the first lawsuit." *Id.* (citing *Dalan/Jupiter, Inc. v. Draper & Kramer, Inc.*, 372 Ill. App. 3d 362, 367 (2007)). All three factors are present in this case.

¶ 8        First, there was a final judgment on the merits. "A final judgment on the merits is one 'adjudicating the contested rights in a conclusive and definitive manner.' " *Illini Environmental, Inc. v. Environmental Protection Agency*, 2014 IL App (5th) 130244, ¶ 38 (quoting *Zenith Vending*

4

*Corp. v. Village of Schaumburg*, 180 Ill. App. 3d 354, 360 (1989)). The final judgment in this matter arose from Campbell's previously filed 2-1401 petition. It alleged, in part, that his conviction was void because of extrinsic fraud, claiming, among other things, that the State manipulated the ballistic test. The trial court dismissed that petition, finding it was time-barred and barred by *res judicata*. The Fourth District Appellate Court (Fourth District) agreed, stating in part: "Defendant previously raised issues concerning the forensic testing. *** That he now couches the issues in terms of fraud does not, by itself, establish he could not have raised the matters sooner. Instead, defendant is simply attempting to relitigate issues he has raised before. Accordingly, we agree *res judicata* applies." *People v. Campbell*, 2022 IL App (4th) 210570-U, ¶ 22. The Fourth District affirmed the trial court's dismissal of Campbell's 2-1401 petition. While the Fourth District's decision was pursuant to Illinois Supreme Court Rule 23 (eff. Feb. 1, 2023), it was still a final judgment for purposes of *res judicata*. Rule 23(e)(1) makes clear that an order entered by the appellate court under the nonprecedential portions still supports "contentions of double jeopardy, *res judicata*, collateral estoppel or law of the case." Ill. S. Ct. R. 23(e)(1) (eff. Feb. 1, 2023). The decisions in both the previous 2-1401 case and the subsequent appeal thereof satisfy the requirement for a finding of a final judgment on the merits.

¶ 9    Second, an identity of a cause of action exists. "Illinois applies the more liberal 'transactional test' in determining whether identity of cause of action exists for the purposes of *res judicata*." *Camper v. Burnside Construction Co.*, 2013 IL App (1st) 121589, ¶ 47 (citing *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 310-12 (1998)). Under the transactional test, " 'separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief.' " *Id.* (quoting *River Park, Inc.*, 184 Ill. 2d at 311).

5

¶ 10   Here, there was an identity of cause of action between this case and the appeal of the 2-1401 case, as the same operative facts were used as the underlying basis for both matters. They both involve Campbell's claim that the testing results on the bullet were manipulated. In the previous 2-1401 case, Campbell argued that the ballistic testing was manipulated to meet the State's theory of the case. Here, he argues that the expert witness who conducted the testing did not testify in accordance with the ballistic results. Both arguments surround his theory that the results from the forensic testing performed on the bullet recovered from the deceased victim were manipulated to reach an outcome that coincided with the eyewitness's testimony that Campbell used a 9-millimeter handgun. In other words, both times, he has accused the State of "fraudulently" presenting evidence about the ballistic results. Even though his petitions were filed under different statutes, both were based on the same underlying allegation that the ballistic test results and subsequent testimony were manipulated. " '[T]he doctrine of *res judicata* applies not only to claims that have been fully litigated in an earlier proceeding, but also those that could have been raised or decided, but were not, thus barring such claims from relitigation at a later date.' " *Tebbens v. Levin & Conde*, 2018 IL App (1st) 170777, ¶ 24 (quoting *Northeast Illinois Regional Commuter R.R. Corp. v. Chicago Union Station Co.*, 358 Ill. App. 3d 985, 1000 (2005)). Both cases are based on the same operational facts thus causing an identity of cause of action between the two. Furthermore, the finding of *res judicata* on this claim was previously declared by the Fourth District, thus making this at least the third time Campbell has accused the State of manipulating the ballistic testing and results in one form or another. We agree with the Fourth District's conclusion that although Campbell uses different terms each time he files, he continuously attempts to relitigate the same core allegation. *Campbell*, 2022 IL App (4th) 210570-U, ¶ 22. Therefore, as the Fourth District found identical causes of actions, so do we.

6

¶ 11 Finally, there is an identity of the parties or their privies. "[P]rivity exists between parties who adequately represent the same legal interests." *Carlson v. Rehabilitation Institute of Chicago*, 2016 IL App (1st) 143853, ¶ 24 (citing *People ex rel. Burris v. Progressive Land Developers, Inc.*, 151 Ill. 2d 285 (1992)). "The identity of interest, not the nominal identity of the parties, controls." *Id.* (citing *Indian Harbor Insurance Co. v. MMT Demolition, Inc.*, 2014 IL App (1st) 131734, ¶ 41). The previous litigation was with the State of Illinois as the prosecuting entity. This current matter is against Adkins, the warden of Danville Correctional Center. Adkins is an employee of the State of Illinois and represents the same interests as that of the State of Illinois as a prosecutor. See *Moore v. State of Illinois*, 2019 IL App (4th) 180243-U, ¶ 38, which found that the State of Illinois from a defendant's criminal case has the same legal interests as the warden from his *habeas corpus* case. Consequently, there is an identity of parties between this matter and Campbell's previous 2-1401 case.

¶ 12 All three elements have been satisfied for a *res judicata* finding. As a result, Campbell's appeal is barred, and we will not address the merits of his appeal.

¶ 13 For the foregoing reasons, we affirm the denial of the *habeas corpus* petition.

¶ 14 Affirmed.