2020 IL App (1st) 192451-U

SIXTH DIVISION
September 4, 2020

No. 1-19-2451

**NOTICE**: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| JOHN PRAITHER and MARCELLO CALIVA, Individually and on behalf of a class of similarly situated individuals, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 2018 CH 12935 |
| NORTHBROOK BANK & TRUST COMPANY, an Illinois chartered state bank, and TAMER MOUMEN, | ) ) ) ) | Honorable Sophia Hall, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court
Presiding Justice Mikva and Justice Cunningham concurred in the judgment.

**ORDER**

¶ 1    *Held*: Appeal dismissed for lack of jurisdiction.

¶ 2    Plaintiffs, John Praither and Marcello Caliva, individually and on behalf of a class of similarly situated individuals, appeal the judgment of the circuit court granting defendant Northbrook Bank & Trust Company's (Northbrook's) motion to dismiss plaintiffs' second-amended complaint pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2016)). On appeal, plaintiffs contend the court erred in dismissing their second-

amended complaint where the complaint sufficiently pled facts that (1) defendant Northbrook failed to exercise ordinary care to protect plaintiffs from defendant Tamer Moumen's fraud; (2) Northbrook was liable for violations of the Fiduciary Obligations Act (FOA) (760 ILCS 65/9 (West 2016)); and (3) Northbrook aided and abetted Moumen's breach of fiduciary duty. For the following reasons, we dismiss the appeal for lack of jurisdiction.

¶ 3                                    I. BACKGROUND

¶ 4     Plaintiffs invested in funds managed by Moumen. As part of his investment business, Moumen maintained three accounts at Northbrook. Two accounts, the Crescent Ridge Volatility Fund (CRVF) and the Crescent Ridge Energy Fund (CREF), were set up to receive initial investments. The third fund, Crescent Ridge Capital Partners (CRCP), belonged to the partnership managing the funds, which was an entity created and controlled by Moumen. To invest in a fund, parties such as plaintiffs wired money into the CRVF or CREF.

¶ 5     Plaintiffs alleged that Moumen set up the Northbrook accounts as part of a Ponzi scheme in which he used money from new investors to pay other investors. Plaintiffs also alleged that Moumen used the money from the CRVF and CREF for personal expenses. In March 2017, Moumen was arrested by the FBI and in October 2017, he was sentenced to ten years in prison. He was also ordered to pay restitution in the amount of $7,570,831.59.

¶ 6     In October 2018, plaintiffs filed a complaint against Northbrook and Moumen. The complaint alleged three counts: count I (negligence) and count II (aiding and abetting breach of fiduciary duty) against Northbrook, and count III (unjust enrichment) against Moumen. Northbrook filed a motion to dismiss, arguing that plaintiffs failed to identify a source of duty on Northbrook's part toward non-customers such as plaintiffs, and no laws or regulations obligated

Northbrook to freeze Moumen's accounts or alert investors of Moumen's actions. The trial court granted the motion.

¶ 7    Plaintiffs subsequently filed a first-amended complaint which added a count against Northbrook for breach of the FOA. The unjust enrichment count against Moumen remained. Northbrook filed a motion to dismiss the three counts against them, and the trial court granted the motion without prejudice, finding that plaintiffs failed to allege facts sufficient to support their claims. Plaintiffs' claim against Moumen was not mentioned in Northbrook's motion to dismiss, at the hearing on the motion, or in the trial court's disposition.

¶ 8    Plaintiffs filed a four-count, second-amended complaint against defendants Northbrook and Moumen. Counts I-III alleged negligence, aiding and abetting breach of fiduciary duty, and violations of FOA against Northbrook. Count IV alleged a claim of unjust enrichment against Moumen. Northbrook filed a section 2-615 motion to dismiss, arguing that count I fails because plaintiffs did not allege a source of duty on the part of Northbrook, and counts II and III fail because plaintiffs did not allege facts showing Northbrook actually knew of or in bad faith refrained from investigating Moumen's activities. As in Northbrook's previous motions to dismiss, this motion did not address count IV against Moumen. Moumen did not file a motion to dismiss, nor did he appear at the hearing on Northbrook's motion to dismiss.

¶ 9    At the hearing, the trial court began by stating, "This is a motion to dismiss the second amended complaint, and it's Counts I, II, and III, and that's the negligence count against the bank. Count II is aiding and abetting a breach of fiduciary duty. And Count III is in aiding, abetting the violation of the [FOA]." The court continued, "The question in the complaint is the bank's relationship and the bank's knowledge about what Mr. Moumen did." After hearing argument on

Northbrook's motion, the court concluded, "I'm dismissing it with prejudice." The trial court's order stated that "This cause having come before the Court on Defendant's motion to dismiss, the court being fully advised in the premises, it is hereby ordered that the cause is dismissed with prejudice." Plaintiffs filed this appeal.

¶ 10                                        II. ANALYSIS

¶ 11     Although the parties do not challenge this court's jurisdiction, we have an independent duty to consider the issue and dismiss the appeal if jurisdiction is lacking. *Palmolive Tower Condominiums v. Simon*, 409 Ill. App. 3d 539, 542 (2011). Our jurisdiction is limited to review of a final judgment, which is a "determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." *Flores v. Dugan*, 91 Ill. 2d 108, 112 (1982). A dismissal with prejudice is usually considered a final and appealable judgment because it indicates that the plaintiff is not allowed to amend the complaint, thereby terminating the litigation. *J. Eck & Son, Inc. v. Reuben H. Donnelly Corp.*, 188 Ill. App. 3d 1090, 1093 (1989).

¶ 12     However, where the action involves multiple parties and multiple claims, "an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). Without a Rule 304(a) finding, a final order disposing of fewer than all of the claims in the action is not appealable. *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502-3 (1997). The order does not become appealable until all of the claims in the multi-claim litigation are resolved. *Id.* Once the entire action is terminated, all final orders become appealable under Rule 301. *Id.*

¶ 13    Here, plaintiffs brought a four-count, second-amended complaint against Northbrook and Moumen, alleging three counts against Northbrook and one count against Moumen. Defendant Northbrook filed a motion to dismiss the claims against it, specifically counts I, II, and III. At the hearing, the trial court stated, "This is a motion to dismiss the second amended complaint, and it's Counts I, II, and III, and that's the negligence count against the bank. Count II is aiding and abetting a breach of fiduciary duty. And Count III is in aiding, abetting the violation of the [FOA]." Thus, the trial court had before it plaintiffs' four-count, second-amended complaint and specifically stated that it was considering Northbrook's motion to dismiss counts I, II, and III. In it's order, the court ruled that the "cause having come before the Court on Defendant's motion *** is dismissed with prejudice." Nothing in the record supports a finding that the trial court included count IV when it ruled on Northbrook's motion to dismiss.

¶ 14    Notwithstanding the lack of clarity by the trial court in not *specifically* including Count IV in its dismissal order, we recognize that on appeal, plaintiffs stated their belief that the trial court *sua sponte* dismissed count IV of their complaint. Northbrook, however, did not express agreement with plaintiff's position on appeal. Rather, Northbrook responded by stating, "Plaintiffs interpret the Circuit Court's order dismissing 'the cause' with prejudice as *sua sponte* dismissing their unjust enrichment claim against Moumen as well. Northbrook takes no position on this issue." For the reasons stated in the order, we find that the trial court did not *sua sponte* dismiss count IV.

¶ 15    It is apparent from the record that the trial court did not dismiss plaintiffs' second-amended complaint in its entirety, and count IV remained against Moumen. Although Moumen never made an appearance, he was still a named defendant within the context of Rule 304(a). *Kral v. Fredhill Press Co., Inc.*, 304 Ill. App. 3d 988, 993 (1999). Since the court's order did not ascertain and fix

absolutely the rights of all the parties in the lawsuit, it was not a final judgment and a Rule 304(a) finding was necessary for the order to be appealable. *Flores*, 91 Ill. 2d at 112; Rule 304(a) (eff. Mar. 8, 2016). The trial court's order did not satisfy this requirement. Therefore, we have no jurisdiction to review the trial court's order granting Northbrook's motion to dismiss, and we must dismiss plaintiffs' appeal.

¶ 16    Regardless of whether the plaintiffs or even the trial court believed it had entered a final order, it has not, since the claim against Moumen has neither been ruled on nor dismissed and remains pending. If plaintiffs wish an immediate appeal, they may seek modification of the trial court's order to include a Rule 304(a) finding on the claims that have been finally adjudicated. Such language would vest jurisdiction in this court over the appeal, while allowing the trial court to retain jurisdiction over remaining claims. *F.H. Prince Co., Inc. v. Towers Financial Corp.*, 266 Ill. App. 3d 977, 989 (1994).

¶ 17                                    III. CONCLUSION

¶ 18    For the foregoing reasons, we dismiss the instant appeal for lack of jurisdiction.

¶ 19    Appeal dismissed.